IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MECHANICAL LICENSING COLLECTIVE,<br><br>                                 Plaintiff,<br><br>v.<br><br>PANDORA MEDIA, LLC,<br><br>                                 Defendant. | Civil Action No. 3:24-cv-00168<br><br>District Judge Eli J. Richardson<br><br>Magistrate Judge Jeffrey S. Frensley |

## [PROPOSED] INITIAL CASE MANAGEMENT ORDER

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16.01 and the Notice of Setting of Initial Case Management Conference (D.E. 5), counsel for Plaintiff Mechanical Licensing Collective ("Plaintiff" or "The MLC") has conferred with counsel for Defendant Pandora Media, LLC ("Defendant" or "Pandora," and together with Plaintiff, the "Parties") about the matters herein. The Parties jointly submit to the Court the following Proposed Initial Case Management Order.

      **A.    JURISDICTION:** The court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under 17 U.S.C. § 101, *et seq.* and its associated regulations.

      **B.    BRIEF THEORIES OF THE PARTIES:**

      *For Plaintiff:*

Plaintiff The MLC is designated pursuant to the Music Modernization Act (the "MMA") to administer the compulsory blanket license (the "Blanket License") for certain uses of musical compositions and collect royalties owed by digital music providers who obtain a Blanket License

1

("Blanket Licensees"), including by engaging in "legal and other efforts to enforce… obligations" under the Blanket License. 17 U.S.C. § 115(d)(3)(C)(i)(VIII). Since the Blanket License became available on January 1, 2021, Pandora has been a Blanket Licensee and has engaged in covered activity under the MMA ("Covered Activity")[1] through *all* of its streaming offerings, including the ad-supported interactive streaming offering that it calls Pandora Free.

As a Blanket Licensee, Pandora is required to report and pay royalties for Covered Activities in accordance with the rates and terms set forth in the U.S. Copyright Act (the "Act") and the regulations promulgated in connection therewith. *Id.* at § 115(c)(2)(I), (d)(4)(A); 37 C.F.R. Part 385; 37 C.F.R. § 210.27. However, Pandora has failed and refused to report and pay monthly royalties in full to The MLC for its Pandora Free offering. Instead, Pandora has systematically and repeatedly omitted required data and information from its usage reporting under the Blanket License in contravention of the Act and regulations governing the Blanket License. Pandora's failure to properly report information related to its Covered Activity has led to repeated and significant underpayments of the royalties due under the Blanket License. As a result of Pandora's improper actions, The MLC (and consequently, its member copyright owners) have been deprived of substantial royalties due under the Blanket License, to which The MLC is entitled by statute, in order to distribute to the proper rights holders.

Under the Act and regulations, all amounts due in monthly reporting under the Blanket License that are not paid to The MLC within 45 days after the end of the respective month also incur late fees at a rate of 1.5% per month, or the highest lawful rate, whichever is lower. *See* 17 U.S.C. § 115(d)(8)(B); 37 C.F.R. § 385.3; 37 C.F.R. Part 385, Appendix A at § 385.3. Pandora

---

[1] Covered Activity is defined in the MMA to mean "the activity of making a digital phonorecord delivery of a musical work, including in the form of a permanent download, limited download, or interactive stream, where such activity qualifies for a compulsory license under this section." 17 U.S.C. § 115(e)(7).

2

has not paid late fees in connection with its failure to timely pay all royalties due under the Blanket License, and thus owes late fees for each monthly reporting period that involved an underpayment of royalties, at the regulatory rate and accruing from the statutory due date. *See id.*

Further, because Pandora has failed to satisfy its obligations under the Blanket License under Title 17 of the Act, The MLC is also entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

*For Defendant:*

Pandora denies The MLC's allegations, which distort the facts and rely on a misinterpretation of the relevant provisions of the Act and its implementing regulations. Since the Blanket License became available on January 1, 2021, Pandora has been a Blanket Licensee. Pandora has at all times calculated, reported, and paid its Blanket License royalties properly under the governing statute and regulations for all of its Covered Activities under Section 115 of the Act.[2]

This suit is a misguided effort by The MLC to extract Blanket License royalties for *noninteractive* streams that are *not* Covered Activity within the scope of Section 115. Under the relevant statutory definitions, and as recognized by longstanding industry consensus, Pandora Free is a noninteractive streaming service that qualifies for statutory licensing of its sound recording performances under Section 114 of the Act and is not making interactive transmissions that would require mechanical licensing of musical compositions under Section 115. *See* 17 U.S.C.

---

[2] Pandora's services include the delivery of music works in the form of interactive streams through its Pandora Premium and Pandora Plus service offerings. In addition, Pandora offers an ad-supported service that includes "Sponsored Premium Access" sessions—30-minute free trials of Pandora Premium that users who do not subscribe to Pandora Premium may access in exchange for watching an advertisement from a sponsor.

3

§ 115(e)(13) (defining interactive streams as streams that do not "qualify for statutory licensing under 114(d)(2)").

Pandora offers a minuscule amount of interactive programming through discrete, time-limited Sponsored Premium Access sessions. The ability to access Sponsored Premium Access sessions does not alter the noninteractive status of Pandora Free transmissions. That position is fully supported by: (1) the clear text of Section 114, which accommodates the possibility of a digital service that offers both interactive and non-interactive transmissions, and provides that for an entity that does so, "the noninteractive component" of the offering "shall not be treated as part of an interactive service." 17 U.S.C. § 114(j)(7); (2) the legislative history, which instructs that "each transmission should be judged on its own merits with regard to whether it qualifies as part of an 'interactive' service," H.R. Rep. 104–274, 104th Cong., 1st Sess. at 26 (1995); and (3) by the treatment of Pandora by The MLC's own publisher constituents (via their direct licenses with Pandora, which treat Pandora Free as a noninteractive service), SoundExchange (which administers the Section 114 statutory license and treats Pandora Free as a noninteractive service), and the record companies that directly license Pandora and treat it as a noninteractive service.

Pandora has not failed to properly report information related to its Covered Activities, it has not underpaid royalties due under the Blanket License as alleged, and it is *Pandora* that is entitled to costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

**C.     ISSUES RESOLVED:** Defendant does not contest subject matter jurisdiction or, for purposes of this action only, personal jurisdiction. Defendant agreed to waive, and therefore also does not contest, service of process. The Parties agreed to jointly move for a continuation of (1) the exchange of Initial Disclosures, (2) the Rule 26(f) Conference, and (3) the Initial Case

Management Conference (the "Joint Motion to Continue," D.E. 24). The Court granted the Joint Motion to Continue on April 5, 2024 (D.E. 25).

**D.     ISSUES STILL IN DISPUTE:** The issues of liability and damages are in dispute. Specifically, the Parties dispute: (1) whether the Pandora Free offering is an interactive service under the Act, and thus, whether Defendant engages in a Covered Activity through Pandora Free; (2) whether Defendant has failed to properly report information related to its Covered Activity and underpaid royalties due under the Blanket License; (3) whether Plaintiff (and consequently, its member copyright owners) have been deprived of royalties due under the Blanket License as a result; (4) whether Plaintiff is entitled to any remedies arising from Defendant's alleged underpayment of royalties, plus late fees, and, if so, in what amount; and (5) whether Plaintiff is entitled to preliminary and permanent injunctive relief requiring that Pandora report, recognize and attribute all of its usage and related royalty calculation data for Pandora Free for the purposes of calculating and paying royalties under the Blanket License. In addition, the Parties each reserve their respective rights to seek attorneys' fees and costs pursuant to 17 U.S.C. § 505 if they are the prevailing party.

**E.     INITIAL DISCLOSURES:** The Parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **May 30, 2024**.

**F.     CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:** By no later than **December 30, 2024**, the Parties shall submit a joint report confirming that the Parties made a good faith attempt to resolve the case. The joint report shall also state whether the Parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the Parties shall also state (i) the reasons why mediation is not feasible;

(ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

**G. DISCOVERY:** The Parties shall complete all fact discovery — including written discovery and depositions of all fact witnesses — on or before **November 1, 2024**. Written discovery should proceed promptly (unless otherwise provided for herein) and initial document requests and interrogatories shall be served by no later than **June 3, 2024.** All expert discovery shall be completed by the dates provided below. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

A Party may not bring a discovery dispute to the Court for resolution before lead counsel for that Party has held a telephonic discussion with lead counsel for the opposing Party with respect to the dispute and has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions. All discovery motions shall be filed by no later than **November 14, 2024**. In connection with any discovery conference or discovery motion, the Parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each Party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that lead counsel for every applicable Party held the aforementioned telephonic discussion(s) and made a good-faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any Party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set

forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the Party's memorandum of law or response, as the case may be.

**H.     MOTIONS TO AMEND OR TO ADD PARTIES:** Any motions to amend or to add parties shall be filed by no later than **June 17, 2024** absent good cause and must comply with Local Rules 7.01 and 15.01.

**I.     DISCLOSURE OF EXPERTS & DEPOSITIONS OF EXPERTS:** The Parties shall identify and disclose expert witnesses and expert reports on or before **January 24, 2025**. Rebuttal expert reports shall be due on or before **February 21, 2025**. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. See Local Rule 39.01(c)(5)(C). Expert depositions shall be completed by **March 14, 2025**.

**J.     SUBSEQUENT CASE MANAGEMENT CONFERENCE:** A subsequent case management conference shall be held telephonically on **September 18, 2024, at 9:00 a.m. CT**, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. The Parties shall call the telephone number to be provided by Magistrate Judge Frensley at the appointed time to participate in the conference.

**K.     DISPOSITIVE MOTIONS:** As provided above, the Parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than **April 11, 2025**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive

7

motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any Party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the Parties, counsel, and the Court.

**L.     ELECTRONIC DISCOVERY:** The Parties will meet and confer by **June 7, 2024**, on how to conduct electronic discovery, and thereafter submit a proposed order to the Court. Administrative Order No.174-1 therefore need not apply to this case. However, in the absence of an agreement, the default standards of Administrative Order No. 174-1 will apply, and absent an agreement otherwise, the Parties will exchange the general disclosures in Section 2 of Administrative Order 174-1 by **June 13, 2024**.

**M.     MODIFICATION OF CASE MANAGEMENT ORDER:** Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving Party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving Party's efforts at diligently complying with

the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

N. **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:** The JURY trial of this action is expected to last approximately 5-6 days. A trial date no earlier than **TBD** is respectfully requested.

It is so **ORDERED**.

                      Hon. Jeffrey S. Frensley
                      United States Magistrate Judge

APPROVED FOR ENTRY:

*/s/ Lauren Kilgore*
Lauren Kilgore (TN Bar No. 30219)
Jacob T. Clabo (TN Bar No. 36760)
Buchalter, a Professional Corporation
1 Music Circle South, Suite 300
Nashville, TN 37203
lkilgore@buchalter.com
jclabo@buchalter.com

Benjamin K. Semel (admitted *pro hac vice*)
M. Mona Simonian (admitted *pro hac vice*)
Joshua Weigensberg (N.Y. Bar No. 4894929)
Susannah G. Price (admitted *pro hac vice*)
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
Phone: (212) 326-0181
Fax: (212) 798-6326
bsemel@pryorcashman.com
msimonian@pryorcashman.com
jweigensberg@pryorcashman.com
sprice@pryorcashman.com

*Attorneys for Plaintiff Mechanical Licensing Collective*

*/s/ Michael G. Abelow (with permission)*
Michael G. Abelow (No. 026710)
Micah N. Bradley (No. 38402)
SHERRARD ROE VOIGT & HARBISON
1600 West End Ave., Suite 1750
Nashville, TN 37203
Tel: (615) 742-4532
Fax: (615) 742-4539
mabelow@srvhlaw.com
mbradley@srvhlaw.com

Benjamin E. Marks (admitted *pro hac vice*)
Todd Larson (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue, 32nd Fl.
New York, NY 10153
Tel: (212) 310-8000
Benjamin.Marks@weil.com
Todd.Larson@weil.com

Crystal L. Weeks (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Phone: (202) 682-7516
Fax: (202) 857-0940
Crystal.Weeks@weil.com

*Attorneys for Defendant Pandora Media, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been filed with the Court's electronic filing system, which will serve a copy on all counsel of record, and a Word version has been or is being emailed to: frensleychambers@tnmd.uscourts.gov on May 20, 2024

Michael G. Abelow (No. 026710)
Micah N. Bradley (No. 38402)
SHERRARD ROE VOIGT & HARBISON
1600 West End Ave., Suite 1750
Nashville, TN 37203
mabelow@srvhlaw.com
mbradley@srvhlaw.com

Benjamin E. Marks (admitted *pro hac vice*)
Todd Larson (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue, 32nd Fl.
New York, NY 10153
Benjamin.Marks@weil.com
Todd.Larson@weil.com

Crystal L. Weeks (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Crystal.Weeks@weil.com

*Attorneys for Defendant Pandora Media, LLC*

　

　

*/s/ Lauren Kilgore*
LAUREN KILGORE