IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MECHANICAL LICENSING COLLECTIVE,<br><br>         Plaintiff,<br><br>v.<br><br>PANDORA MEDIA, LLC,<br><br>         Defendant. | Civil Action No. 3:24-cv-00168<br><br>District Judge Eli J. Richardson<br><br>Magistrate Judge Jeffrey S. Frensley<br><br>JURY DEMAND |

**STIPULATED PROTECTIVE ORDER**

  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, plaintiff Mechanical Licensing Collective ("The MLC" or "Plaintiff") and defendant Pandora Media, LLC ("Pandora" or "Defendant," and collectively, the "Parties") hereby stipulate to the entry of a Protective Order in the above-captioned action as follows:

1. PURPOSES AND LIMITATIONS

  Discovery in this action is likely to require the production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than in this litigation may be warranted, including information that is deemed "Confidential Information" under 37 C.F.R. §210.34. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles.

2. GOOD CAUSE STATEMENT

This action is likely to involve confidential information including but not limited to revenue information, sensitive commercial agreements, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business and financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (and may include information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, federal regulations including 37 C.F.R. §210.34, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of any proceedings in this matter, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing may be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3. ACKNOWLEDGEMENT OF PROCEDURE FOR FILING UNDER SEAL

The Parties further acknowledge, as set forth in Section 14.3 below, that this Stipulated Protective Order alone does not entitle them to file confidential information under seal. To the

extent that a pleading or other paper references an exhibit designated for protection under this Stipulated Protective Order, then the pleading or other paper shall comply with Section 5.07 of the Amended Administrative Practices and Procedures for Electronic Case Filing for the United States District Court for the Middle District of Tennessee [Administrative Order No. 167-1], and any other applicable rules and orders.

The Parties further acknowledge that this Court applies the following standard for sealing documents in the record: "[t]he proponent of sealing must provide compelling reasons to seal the documents and demonstrate that the sealing is narrowly tailored to those reasons—specifically by 'analyz[ing] in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Beauchamp v Federal Home Loan Mortgage Co.,* 658 Fed. Appx. 202, 207 (6th Cir. 2016) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan,* 825 F.3d 299, 305-06 (6th Cir. 2016)). The Parties' mere designation of Disclosure or Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" does not establish that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable.

A Party wishing to use any Confidential Data designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in any pleading or filing with the Court in this action shall file it under seal consistent with the provisions of Middle District of Tennessee Local Rule 5.03.

4. DEFINITIONS

4.1 Action: the above-captioned action currently pending in the United States District Court for the Middle District of Tennessee.

4.2 Attorneys' Eyes Only material: information (regardless of how it is generated, stored or maintained) or tangible things that contain highly sensitive business or personal

3

Case 3:24-cv-00168    Document 37    Filed 08/16/24    Page 3 of 19 PageID #: 179

information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.

4.3     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

4.4     Confidential Material: all data, information, or documents (regardless of how they are generated, stored or maintained) or tangible things that are reasonably believed to be non-public, proprietary, commercially sensitive, and/or subject to third-party privacy or confidentiality restrictions, including information that qualifies for protection under Federal Rule of Civil Procedure 26(c) or 37 C.F.R. §210.34, and as specified above in the Good Cause Statement.

4.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

4.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

4.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, and that person's support staff.

4.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

4.9     Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this

Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and such attorneys' support staff.

4.10 <u>Party</u>: any party to this Action, including all of its officers, directors, and employees.

4.11 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.12 <u>Professional Vendors</u>: persons or entities that provide litigation support or administrative services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.13 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

4.14 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

5. <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Outside Counsel of Record that reveals Protected Material.

Material that has been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," unless challenged, shall be considered as such and the use of such material at trial shall be in accordance with procedures as determined by the Court.

6. <u>DURATION AND USE OF PROTECTED MATERIAL</u>

Notwithstanding final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

7. <u>DESIGNATING PROTECTED MATERIAL</u>

7.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those materials, documents, items, or oral or written communications that qualify so that other material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6

Case 3:24-cv-00168    Document 37    Filed 08/16/24    Page 6 of 19 PageID #: 182

7.2     Manner and Timing of Designations. Except as otherwise provided in this Order (e.g., subject to the provisions of 7.3 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIALITY LEGEND"), to the document, on each page;

(b)     for testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record before the close of the deposition, or within thirty (30) days of actual receipt of the final certified transcript, and notify the Receiving Party in writing that it is designating the testimony, or portions thereof, as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraphs 9.2 and 9.3, respectively, and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraphs 9.2 and 9.3, respectively, during said thirty (30) days;

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the CONFIDENTIALITY LEGEND;

(d)     for ESI produced in native format or another format that does not permit designation on its pages (e.g., Excel files), that the Producing Party include in the title of the computer file the CONFIDENTIALITY LEGEND.

7

7.3     Inadvertent Failures to Designate. An inadvertent failure to timely designate material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not constitute a waiver of the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable good faith efforts to assure that the material is treated in accordance with the provisions of this Order.

8.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

8.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of Protected Material at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's designation of Protected Material is necessary to avoid foreseeable substantial unfairness, unnecessary economic burden, or a later significant disruption or delay of the litigation, a Challenging Party does not waive its right to challenge a confidentiality designation by failing to mount a challenge promptly after the original designation is disclosed.

8.2     Meet and Confer. Pursuant to Local Rule 37.01, the Challenging Party shall meet and confer in good faith with the Designating Party to resolve any potential dispute as to the appropriateness of a given designation before challenging any designation of Protected Material. Any Challenging Party must provide counsel of record for the Designating Party written notice, by email, of its objection; such notice shall identify, by Bates stamp or other easily discernable basis, the specific Disclosure or Discovery Material in question and articulate the basis for such challenge. Within ten (10) business days of such written notice, or a reasonable period of time to which the Parties otherwise agree, the Parties shall meet and confer telephonically or by Zoom. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered,

8

to explain the basis for the chosen designation. If the Designating Party does not thereafter agree to withdraw its designation of the Disclosure or Discovery Material as Protected Material, a Challenging Party may move the Court for relief in accordance with the Court's prescribed procedure for discovery disputes.

        8.3     <u>Burden of Persuasion</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the protection to which it is entitled pursuant to the Producing Party's designation until the Court rules on the challenge.

9.     ACCESS TO AND USE OF PROTECTED MATERIAL

        9.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by a Producing Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material shall not be used by the Receiving Party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the Receiving Party to anyone other than the categories of persons set forth in Paragraph 9.2 in the case of Confidential Disclosure or Discovery Material and Paragraph 9.3 in the case of Attorneys' Eyes Only Disclosure or Discovery Material, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving

Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.2     Access to Confidential Material. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any Confidential Material only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees and vendors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     Actual or potential independent experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have reviewed and signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(d)     the officers, directors, and employees (including in-house counsel) of any Party;

(e)     the Court and its personnel, including court reporters;

(f)     vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, who have reviewed and signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the jury or other trier of fact;

10

(h) during their depositions, witnesses and attorneys for witnesses in the Action to whom disclosure is reasonably necessary, provided the witness reviews and signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

(j) any person not described above who is clearly identified in the pertinent discovery material as, or is otherwise agreed by the parties to be, an author or a recipient of such discovery material; and

(l) any other persons as to whom the Parties agree in writing, provided that such persons have first been given a copy of this Order and have executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). The Parties agree to consider such requests in good faith. No disclosure to such other persons shall take place until all the Parties agree in writing.

9.3 <u>Disclosure of Attorneys' Eyes Only Material</u>. Material produced and marked as Attorneys' Eyes Only may be disclosed only to persons described in Paragraphs 9.2(a), (b), (c), (e), (f), (g), (h), (i), (j) and (l). Attorneys' Eyes Only Material, copies thereof, and the information contained therein, shall not be disclosed in any matter to any other individual, until the Producing Party agrees in writing in advance or as Ordered by the Court. Notwithstanding the foregoing, Outside Counsel of Record in this action may, in rendering legal advice to its client in this action, share its analysis, evaluations, and strategies, without limitation, with its client in connection with

this action even where based in whole or in part on Attorneys' Eyes Only Material, so long as such counsel does not disclose to its client the substance of the Attorneys' Eyes Only Material.

10. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that seeks to compel disclosure of any information or items designated in this Action as Protected Material, that Party must, within the earlier of fifteen (15) business days after receipt of the subpoena or other compulsory process or within ten (10) business days before the return date for the production of any documents or information in response to such subpoena or compulsory process:

    (a) notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    (b) notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (c) cooperate with respect to all reasonable protections sought by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

11. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party requiring maintenance of confidentiality of such confidential information or is otherwise under a confidentiality obligation with respect to such information, then the Party shall: (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality obligation; (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and (3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within twenty-one (21) days of receiving the notice and accompanying information, the Party in possession of the Non-Party's confidential information may produce such information unless doing so would be inconsistent with the Party's preexisting confidentiality obligations. If the Non-Party timely seeks a protective order, the Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court Order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

(d) Competitive or commercially sensitive information of a Non-Party may be produced with the CONFIDENTIALITY LEGEND of "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and where such a "CONFIDENTIAL – ATTORNEYS EYES ONLY" designation is used, the Receiving Party may not disclose such Protected Material to anyone other than those persons or entities listed in Section 9.3.

12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) require such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in the Parties' Stipulation Regarding Protocol for Production of Electronically Stored and Hard Copy Information, which the Parties incorporate into this Stipulated Protective Order.

14. MISCELLANEOUS

    14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    14.2    Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    14.3    Filing Protected Material. The Parties will comply with Administrative Order No. 167-1 regarding the filing and use of Protected Material.

15. FINAL DISPOSITION

    After the final disposition of this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, upon written request by the Producing Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that affirms that all Protected Material has been returned or destroyed. Notwithstanding this provision, Counsel are entitled to retain copies of all filings, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, and Experts are entitled to retain copies of correspondence, legal memoranda, attorney work product, and consultant and expert

work product, even if any such materials contain Protected Material. Any such retained copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order.

16. <u>VIOLATION</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions. In the event motion practice is required to enforce the terms of this Order, and a party is found by the Court to have willfully violated the terms of this Order, the prevailing party on such a motion shall be awarded costs, expenses, and fees, including attorney or other professional fees, incurred in connection with the discovery of the violation and the preparation, filing, and arguing of the motion or any other proceedings resulting from the violation.

AGREED TO BY:

By: _/s/ Lauren Kilgore_

Lauren Kilgore (TN Bar No. 30219)
Jacob T. Clabo (TN Bar No. 36760)
BUCHALTER, PC
1 Music Circle South, Suite 300
Nashville, TN 37203
P: (629) 305-96750
lkilgore@buchalter.com
jclabo@buchalter.com

Benjamin K. Semel (admitted *pro hac vice*)
M. Mona Simonian (admitted *pro hac vice*)
Josh Weigensberg (N.Y. Bar No. 4894929)
Susannah G. Price (admitted *pro hac vice*)
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
Phone: (212) 326-0181
Fax: (212) 798-6326
bsemel@pryorcashman.com
msimonian@pryorcashman.com
jweigensberg@pryorcashman.com
sprice@pryorcashman.com

By: _/s/ Michael G. Abelow_

Michael G. Abelow (No. 026710)
Micah N. Bradley (No. 38402)
SHERRARD ROE VOIGT & HARBISON
1600 West End Ave., Suite 1750
Nashville, TN 37203
P: (615) 742-4532
mabelow@srvhlaw.com
mbradley@srvhlaw.com

Benjamin E. Marks (admitted *pro hac vice*)
Todd Larson (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue, 32nd Fl.
New York, NY 10153
Benjamin.Marks@weil.com
Todd.Larson@weil.com

Crystal L. Weeks (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Crystal.Weeks@weil.com

*Attorneys For Plaintiff Mechanical Licensing Collective*  *Attorneys for Defendant Pandora Media, LLC*

**IT IS SO ORDERED.**

Dated: August 16, 2024

_____
Hon. Jeffery S. Frensley
United States Magistrate Judge

# EXHIBIT A
# ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address, email address, and telephone number], declare under penalty of perjury under the laws of the United States of America, that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Middle District of Tennessee in the case of *Mechanical Licensing Collective v. Pandora Media, LLC*, Case No. 3:24-cv-00168.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to, among other things, sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. By acknowledging these obligations under the Stipulated Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Middle District of Tennessee for the purpose of any issue or dispute arising hereunder.

No later than the final disposition of the case, I will return all Protected Material and summaries, abstracts, and indices thereof in my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

**Date:** _____

**City and State where sworn and signed:** _____

**Signature:** _____

**Printed Name:** _____

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been filed with the Court's electronic filing system, which will serve a copy on all counsel of record.

This 15th day of August, 2024.

/s/ Lauren Kilgore

19

Case 3:24-cv-00168   Document 37   Filed 08/16/24   Page 19 of 19 PageID #: 195