**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MECHANICAL LICENSING COLLECTIVE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:24-cv-00168** |
| | ) | **Judge Richardson/Frensley** |
| **PANDORA MEDIA, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Plaintiff Mechanical Licensing Collective ("The MLC") brought this action under 17 U.S.C. § 115(d)(3)(C)(i)(VIII) against Defendant Pandora Media, LLC ("Pandora") "to recover royalties due from Pandora under the compulsory mechanical license that Pandora obtained pursuant to 17 U.S.C. §115(d) to enable its consumer music streaming platform." Docket No. 1, p. 1. Pandora has denied the substantive allegations and asserted affirmative defenses. Docket No. 28.

This matter is now before the Court for *in camera* review of 10 sample documents from a set of 31 that The MLC contends were inappropriately redacted on the grounds of attorney-client privilege. This discovery dispute has been discussed with the Court in a telephone conference and subsequently fully briefed. Docket Nos. 76, 76-1 through 76-4, 79, 79-1 through 79-6, 83, 88, 89. The Court granted The MLC's request for *in camera* review. Docket No. 92.

As a preliminary matter, the Court commends Pandora's attorneys and their staff for the exemplary *ex parte* submission of the sample documents. The submission was organized, labeled, and presented in a matter that greatly facilitated review. While this might be assumed to be the standard for submissions to the Court, in practice, it is exceptional. The benefits accrue to the Parties, because it has enabled a quicker-than-usual review of the documents.

The Court has reviewed every sample document and has assessed the status of the material shielded by each redaction. The Court finds that the redactions appropriately withhold information that is protected by the attorney-client privilege, as experienced in the corporate context. *See Ajose v. Interline Brands, Inc.*, No. 3:14-1707, 2016 WL 6893866, 2016 U.S. Dist. LEXIS 162617, at *23 (M.D. Tenn. Nov. 23, 2016) ("In the corporate context, the attorney-client privilege may extend to communications between employees that convey legal advice given by an attorney to the corporation."); *Upjohn Co. v. United States*, 449 U.S. 383, 392-95 (1981); *Reed v. Baxter*, 134 F.3d 351, 359-60 (6th Cir. 1998), *quoting Upjohn*, 449 U.S. at 392-95.

There being no evidence of improper designation of material in the sample documents, no further review is warranted, and no additional production by Pandora is necessary.


**IT IS SO ORDERED.**


**Jeffery S. Frensley**
**United States Magistrate Judge**

2