# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| MECHANICAL LICENSING COLLECTIVE,<br><br>       Plaintiff,<br><br>v.<br><br>PANDORA MEDIA, LLC,<br><br>       Defendant. | Civil Action No. 3:24-cv-00168<br><br>District Judge Eli J. Richardson<br><br>Magistrate Judge Jeffrey S. Frensley<br><br>JURY DEMAND |

## MECHANICAL LICENSING COLLECTIVE'S RESPONSE TO PANDORA MEDIA, LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Mechanical Licensing Collective ("The MLC") respectfully submits this response to Defendant Pandora Media, LLC's ("Pandora") Notice of Supplemental Authority. (ECF. No. 180.) Pandora argues that *National Horseman's Benevolent & Protective Ass'n v. Black*, No. 23-10520 (5th Cir. June 11, 2026) is "nonbinding persuasive authority" relevant to "Pandora's argument that the MLC's asserted authority to prosecute this action violates the private nondelegation doctrine." *Black* does not advance Pandora's argument.

Pandora's argument on this topic was addressed in the summary judgment briefing, and the law is not changed by this Fifth Circuit case that Pandora concedes "expressly parted ways with the Sixth Circuit." To begin, as discussed in The MLC's briefs, Pandora forfeited its constitutional arguments when it chose not to assert them at the outset and instead litigated this action for two years through discovery without once raising them. (ECF No. 157 at 29 & n.86; ECF No. 174 at 18 & n.20.) Moreover, as the summary judgment papers establish, "The MLC and the individual voting members of its board of directors are appointed and removable by a department head (the Librarian of Congress) and are subject to pervasive oversight by the Librarian and the Register of Copyrights such that The MLC and its directors function subordinately to them in all areas." (ECF No. 174 at 18 (citing ECF No. 157 at 30-34).) Pandora thus cannot escape

liability in this action by reference to *Black*'s limited discussion of the private nondelegation doctrine.

Further, *Black* is inapposite even on the limited private nondelegation issue that it discusses. First, *Black* does not purport to apply a different relevant legal standard than the one articulated by the Sixth Circuit in *Oklahoma v. United States*, 163 F.4th 294 (6th Cir. 2025), which supports The MLC's position, as discussed in detail in the summary judgment briefing.[1]  And if *Black* were construed as applying a different legal standard, then it would be in direct conflict with Sixth Circuit precedent.  Second, *Black*'s specific conclusion that the Horseracing Integrity and Safety Act ("HISA") enforcement provisions violate the private nondelegation doctrine also directly conflicts with the Sixth Circuit's conclusion to the contrary.  *Compare Black*, No. 23-10520 at 4, *with Oklahoma*, 163 F.4th at 301.  Third, *Black*'s contrary holding on HISA is based on reasoning specific to HISA and inapplicable to the Music Modernization Act ("MMA") and this action.[2]

---

[1] As stated in The MLC's opposition brief, the Sixth Circuit explained that:

> [I]n evaluating the delegation of civil enforcement authority, "[t]he test is whether the private entity remains 'subject to [the agency's] pervasive surveillance and authority' when it matters"—*i.e.*, "whether the private entity is subject to the agency's supervision."  *Oklahoma v. United States*, 163 F.4th 294, 314 (6th Cir. 2025) (alterations in original) (quoting *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 388 (1940)).  The Sixth Circuit elaborated that the evaluation "does not depend on how the [agency] employs its power—by action or inaction."  *Oklahoma*, 163 F.4th at 312-13 (explaining that "the [agency] could require the [entity] to seek its permission before pursuing *any* enforcement action" or it "could decide to take a more hands-off approach," but "[n]o matter which way it goes, the [agency's] *capacity* to control the [entity's] enforcement activities ensures that the [agency], not the [entity], is the agency of ultimate resort that decides how the federal government enforces the Act") (second emphasis added).

ECF No. 157 at 34.  *Compare with Black*, No. 23-10520 at 16 ("[T]he delegation is constitutional if, when enforcing [the statute], the [private entity] functions subordinately to an agency with authority and surveillance over it.") (internal quotation marks and citations omitted).

[2] For example, *Black* found that "[i]n HISA, Congress set out a definite enforcement scheme, dividing responsibilities among the [agency and private entities]," and that this "clear delineation of enforcement power . . . cannot be altered through rulemaking."  *Black*, No. 23-10520 at 23-28 (stressing HISA provision that the FTC and private entities "'implement and enforce' the Act '*each within the scope of their powers and responsibilities under this chapter*'" (emphasis in original) (quoting 15 U.S.C. § 3054(a))).  The MMA fully lacks HISA's "clear delineation" and separately

2

In sum, *Black* does not provide Pandora with an escape from the liability that is established in the summary judgment papers.

Dated: June 24, 2026

Respectfully submitted,

 */s/ Benjamin K. Semel*
Benjamin K. Semel (admitted *pro hac vice*)
M. Mona Simonian (admitted *pro hac vice*)
Joshua Weigensberg (N.Y. Bar No. 4894929)
Jason E. Sloan (admitted *pro hac vice*)
Erik F. Bakke (admitted *pro hac vice*)
**PRYOR CASHMAN LLP**
7 Times Square
New York, New York 10036
Phone: (212) 326-0181
Fax: (212) 798-6326
bsemel@pryorcashman.com
msimonian@pryorcashman.com
jweigensberg@pryorcashman.com
jsloan@pryorcashman.com
ebakke@pryorcashman.com

*/s/ Elizabeth O. Gonser*
Elizabeth O. Gonser (TN Bar No. 026329)
**RILEY & JACOBSON PLC**
1906 West End Ave.
Nashville, TN 37203
P: (615) 320-3738
egonser@rjfirm.com

*Attorneys For Plaintiff Mechanical Licensing Collective*

---

scoped division of enforcement functions. Rather, the MMA grants The MLC broad authority to engage in activities concerning the Blanket License, including enforcement, and also grants the agency broad oversight that encompasses The MLC and the entire statutory regime. (*See* ECF No. 157 at 32-34.)

3

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and exact copy of the foregoing document has been filed with the Clerk of Court using the CM/ECF system, which sent notice of such filing to the parties' counsel of record.

This 24th day of June, 2026.

*/s/ Elizabeth O. Gonser*
Elizabeth O. Gonser