IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MECHANICAL LICENSING COLLECTIVE, | ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 3:24-CV-00168 |
| v. | ) | JUDGE RICHARDSON |
| PANDORA MEDIA, LLC, | ) ) ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Plaintiff brought this action under 17 U.S.C. § 115(d) against Defendant "to recover royalties due from [Defendant] under the compulsory mechanical license that [Defendant] obtained pursuant to 17 U.S.C. §115(d) to enable its consumer music streaming platform." (Doc. No. 1 at 1). Defendant has denied the substantive allegations and has asserted affirmative defenses. (Doc. No. 28).

Now pending before the Court are several motions to seal (Doc. Nos. 125, 136, 149, and 168, collectively "Motions to Seal") filed by Defendant, Pandora Media, LLC. Via the first (Doc. No. 125, "First Motion to Seal), Defendant seeks leave to file certain documents in support of its motion for summary judgment (Doc. No. 115, "Defendant's Motion for Summary Judgment") under seal. (Doc. No. 125 at 1). Defendant filed a memorandum (Doc. No. 126) in support of its First Motion to Seal, whereafter Plaintiff filed a response (Doc. No. 143) indicating that it did not oppose Defendant's First Motion to Seal. (*Id.*). Via the second (Doc. No. 136, "Second Motion to Seal"), Defendant seeks leave to file certain documents in support of its *Daubert* Motion (Doc. No. 134) under seal. (Doc. No. 136 at 1). Defendant filed a memorandum (Doc. No. 137) in support

of its Second Motion to Seal, whereafter Plaintiff filed a response (Doc. No. 144) indicating that it did not oppose Defendant's Second Motion to Seal. (*Id.*). Via the third (Doc. No. 149, "Third Motion to Seal"), Defendant seeks leave to file certain documents that are responsive to Plaintiff's motion for summary judgment (Doc. No. 103, "Plaintiff's Motion for Summary Judgment") under seal. (Doc. No. 149 at 1). Defendant filed a memorandum (Doc. No. 150) in support of its Third Motion to Seal, whereafter Plaintiff filed a response (Doc. No. 163) indicating that it did not oppose Defendant's Third Motion to Seal. (*Id.*). Finally, via its fourth motion to seal (Doc. No. 168, "Fourth Motion to Seal), Defendant seeks leave to file certain documents related to its reply in support of its (i.e. Defendant's) Motion for Summary Judgment under seal. (*Id.* at 1). Defendant filed a memorandum (Doc. No. 169) in support of its Fourth Motion to Seal, whereafter Plaintiff filed a response (Doc. No. 177) indicating that it did not oppose Defendant's Fourth Motion to Seal. (*Id.*).

For the reasons discussed herein, the Court **DENIES** Defendant's First Motion to Seal and Fourth Motion to Seal and **GRANTS** Defendant's Second Motion to Seal and Third Motion to Seal.

BACKGROUND

To provide helpful background information (which does not appear to be disputed), the Court provides a portion of the background section from Defendant's memorandum (Doc. No. 126) that was filed in support of Defendant's First Motion to Seal:

> On August 16, 2024, this Court entered a Protective Order authorizing the parties to designate certain non-public material as "Confidential" or "Attorneys' Eyes Only" in order to be protected from disclosure as part of the discovery process. ECF No. 37. The parties agreed that this case was likely to involve the production of "confidential information including but not limited to revenue information, sensitive commercial agreements, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than

prosecution of this action is warranted." *Id.* at 2. The Protective Order defines "Confidential Material" as materials "that are reasonably believed to be non-public, proprietary, commercially sensitive, and/or subject to third-party privacy or confidentiality restrictions." *Id.* at 4. It defines AEO materials as materials that "contain highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party." *Id.* at 3–4. Throughout discovery, Pandora made substantial productions of non-public material to the Mechanical Licensing Collective ("MLC") and worked diligently to designate protected material consistent with the terms of the Protection Order.

While the Protective Order provides protections from disclosure during the discovery process, by its terms, it does not guarantee that such material will be sealed if it is filed on the Court's docket. Instead, the Protective Order requires that a party seeking to seal such material to file a separate sealing motion as provided under Local Rule 5.03. *Id.* at 3.

(*Id.* at 1-2).

<u>LEGAL STANDARD</u>

There is a longstanding and "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). A party seeking to seal a document from public view must provide "compelling reasons" to seal the document and demonstrate that sealing is narrowly tailored to serve those reasons by analyzing "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305-06 (internal citations omitted). In other words, "[t]o meet this burden, the party must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 Fed. Appx. 635, 638 (6th Cir. 2019) (citing *Shane Grp., Inc.*, 825 F.3d at 305).

As this Court has emphasized, although granting a motion to seal is within the trial court's discretion, "the Court must honor the above-referenced three requirements for sealing; if those

requirements are not satisfied, then the Court lacks the discretion to order sealing and instead must decline to order sealing." *Montenegro v. Vaco LLC*, No. 3:23-cv-01265, 2025 U.S. Dist. LEXIS 5188, at *4 (M.D. Tenn. Jan. 10, 2025) (Richardson, J.). Importantly, it is improper to grant a motion to seal "simply because it is unopposed." *Rucker v. Lindamood*, No. 1:16-cv-00090, 2020 U.S. Dist. LEXIS 185583, at *4 (M.D. Tenn. Oct. 6, 2020).

Notably, by itself, a document's designation as confidential under a protective order agreed to by the parties does not suffice to meet this burden. *See, e.g.*, *Hughes v. Core Civic, Inc.*, No. 3:19-CV-924, 2021 WL 5827136, at *1 (M.D. Tenn. Dec. 8, 2021), *report and recommendation adopted*, 2021 WL 2411342 (M.D. Tenn. June 11, 2021). *Cf. Brown*, 710 F.2d at 1180 (noting that a "confidentiality agreement between the parties does not bind the court in any way" in deciding whether to seal documents). "From this, it easily follows that a party's mere assertion . . . that a document is confidential does not suffice, either." *Lee v. Vanderbilt Univ.*, No. 3:20-cv-00924, 2025 U.S. Dist. LEXIS 250380, at *3 (M.D. Tenn. Dec. 4, 2025) (Richardson, J.).

DISCUSSION

In its Motions to Seal, Defendant argues sealing is warranted because "[t]here [a]re [c]ompelling [r]easons for [s]ealing the [r]edacted [m]aterial," and the "[p]roposed [r]edactions [a]re [n]arrowly [t]ailored." (Doc. No. 126 at 3 and 7; Doc. No. 137 at 3 and 6; Doc. No. 150 at 3 and 5; Doc. No. 169 at 3 and 7).

First, in each of Defendant's Motions to Seal, Defendant argues that there is a sufficiently compelling reason to seal the redacted materials. More specifically, Defendant argues that the redacted materials contain Defendant's confidential business information and that "protection of [Defendant's] confidential business information is necessary to preserve [Defendant's] ability to compete in the highly competitive music streaming industry." (Doc. No. 126 at 4; Doc. No. 137 at

4; Doc. No. 150 at 4; Doc. No. 169 at 4). In support of that assertion, Defendant states that "district courts in this Circuit have determined that the substantial risk of competitive harm is a compelling reason that warrants sealing under the Sixth Circuit's *Shane Group* standard." (*Id.* (citing *London Computer Sys., Inc. v. Zillow, Inc.*, No. 1:18-CV-696, 2019 WL 4110516, at \*4 (S.D. Ohio Aug. 29, 2019) (granting motion to seal documents containing "confidential business information, such as marketing strategies, revenue/sales data, and financial calculations," stating that "[t]his Court has repeatedly held that companies have a compelling interest in protecting such information from their competitors—especially where, as here, disclosure would cause a competitive disadvantage." (citations omitted)); *Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-CV-185, 2017 WL 3537195, at \*3 (S.D. Ohio Aug. 17, 2017) (granting motion to seal documents that "would allow competitors to have an inside look into P&G's business strategies"))). The Court has examined the relevant documents at issue and finds that they appear to contain the confidential material as described. Therefore, the Court finds that Defendant has shown that there are compelling reasons to seal the redacted material.

Second, Defendant argues that "[s]ealing is warranted because [Defendant] has narrowly tailored its redactions and is simultaneously filing redacted versions of each document on the Court's docket that will be immediately available to the public." (Doc. No. 126 at 7; Doc. No. 137 at 6; Doc. No. 150 at 5; Doc. No. 169 at 7). Although Defendant appears to have filed redacted versions of all of the documents it seeks to seal via its Second Motion to Seal and its Third Motion to seal, the same is not true as it relates to its First Motion to Seal and its Fourth Motion to Seal.

As it relates to the Second Motion to Seal and the Third Motion to Seal, Defendant has filed redacted versions of each document it seeks to seal via those motions. (*See* Doc. Nos. 135-2 – 135-3, 147, 148, and 148-2). Moreover, Defendant asserts—and the Court is inclined to accept—

that the redactions made were limited "to a subset of information that was designated as Confidential or AEO under the terms of the Protective Order and that Pandora has re-reviewed and determined would cause substantial harm to itself and third parties if disclosed to the public." (Doc. No. 137 at 6 and Doc. No. 150 at 6). Therefore, the Court finds that the Second Motion to Seal and the Third Motion to Seal are narrowly tailored and finds that Defendant's interest in maintaining the secrecy of the redacted information outweighs the public's interest in viewing the entirety of the documents. Therefore, the Court hereby will **grant** the Second Motion to Seal and the Third Motion to Seal.

However, the Court will deny the First Motion to Seal and the Fourth Motion to Seal without prejudice for failure to comply with the applicable local rule. Local Rule 5.03(b)(2) requires that "[i]mmediately after filing the motion [to seal]," the filing party (the movant) "file the proposed sealed document by selecting the 'Sealed Document' event in CM/ECF." Relatedly, Local Rule 5.03(e) provides: "If practicable, the party requesting that some or all of a filing be sealed must also separately file a redacted version. If the filing of a redacted version is impracticable, the motion to seal must include an affirmative statement to that effect." In sum, Local Rule 5.03 requires the movant to file under seal an unredacted version of the documents to be sealed and to file immediately thereafter on the public docket a redacted version of that document (unless the party explains that redacting the document is impracticable). Defendant filed redacted versions of only *some*, and not *all*, of the documents it wishes to seal via its First Motion to Seal and its Fourth Motion to Seal. More specifically, the Court was unable to find on the docket a redacted version of any of the last four documents (i.e., documents 17-20)[1] that Defendant seeks

---

[1] These documents are described by Defendant as follows:

> (17) *Premium Access for Web, Product Requirements* bearing Bates numbers PANDORA_000067071-111;

to seal via the First Motion to Seal, and Defendant did not include an "affirmative statement," as required alternatively, explaining why redacting those specific documents would be impracticable. Likewise, the Court was unable to find redacted versions of the last two documents (i.e., documents 4 and 5)[2] that Defendant seeks to seal via the Fourth Motion to Seal, and Defendant did not include a statement explaining why redacting those specific documents would be impracticable.

Therefore, the Court finds that the First Motion to Seal and the Fourth Motion to Seal are not in compliance with the Local Rules. So, the Court hereby will **deny** the First Motion to Seal and the Fourth Motion to Seal without prejudice to Defendant moving again (within thirty days of the entry of this Order) to place the filings at Docket Nos. 127, 127-1 – 127-16, 128-132, 170, 170-1 – 170-10 under seal.

<u>CONCLUSION</u>

For the reasons stated herein, the Court **GRANTS** the Second Motion to Seal (Doc. No. 136) and the Third Motion to Seal (Doc. No. 149). Accordingly, Docket Nos. 138, 138-1, 151, 152, and 152-1 shall remain under seal. The Court **DENIES** the First Motion to Seal (Doc. No. 125) and the Fourth Motion to Seal (Doc. No. 168) without prejudice to Defendant moving again (within

---

(18) *T1 Flex Skips and Replays Overview* bearing Bates numbers PANDORA_000058370-75;
(19) *Pandora Modes – Mobile Overview* bearing Bates numbers PANDORA_000058392-98;
(20) Usage Rate by Pandora Feature.

(Doc. No. 125 at 2-3). The sealed, unredacted versions can be found at Docket Nos. 127-12 – 127-14, 127-15, 127-16, and 127-1, respectively.

[2] These documents are described by Defendant as follows:

(4) Exhibit B (Pandora License Agreement with Alpha Pup Records)
(5) Exhibit C (Pandora License Agreement with UMG)

(Doc. No. 168 at 2). The sealed, unredacted versions can be found at Docket Nos. 170-3 and 170-4 – 170-10, respectively.

thirty days of the entry of this Order) to place the filings at Docket Nos. 127, 127-1 – 127-16, 128-132, 170, 170-1 – 170-10[3] under seal.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[3] Although the Court herein denies the First Motion to Seal and Fourth Motion to Seal, the Court will leave the filings at Docket Nos. 127, 127-1 – 127-16, 128-132, 170, 170-1 – 170-10 under seal for the next 30 days to afford Defendant time to refile more adequate motions to seal, thereby preventing in the interim public access to the potentially sensitive portions of the filings at Docket Nos. 127, 127-1 – 127-16, 128-132, 170, 170-1 – 170-10.