IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MECHANICAL LICENSING COLLECTIVE, | ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 3:24-CV-00168 |
| v. | ) ) | JUDGE RICHARDSON |
| PANDORA MEDIA, LLC, | ) ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Pending before the Court are the "Motion[s] for Leave to File Documents Under Seal" (Doc. Nos. 109, 156, and 173, collectively, "Motions to Seal"), filed by Plaintiff, Mechanical Licensing Collective. The first (Doc. No. 109, "First Motion to Seal) seeks "leave to file certain documents in support of its Motion for Summary Judgment [(Doc. No. 103)] under seal," (Doc. No. 109 at 1); the second (Doc. No. 156, "Second Motion to Seal") seeks "leave to file certain documents in support of its Opposition to Defendant['s] . . . Motion for Summary Judgment [(Doc. No. 115)] under seal," (Doc. No. 156 at 1); and the third (Doc. No. 173, "Third Motion to Seal") seeks "leave to file its unredacted Reply in further support of [its] Motion for Summary Judgment [(Doc. No. 103)]" under seal (Doc. No. 173 at 1). Defendant filed a response (Doc. No. 142, "First Response") in support of Plaintiff's First Motion to Seal, a response (Doc. No. 162, "Second Response) in support of Plaintiff's Second Motion to Seal, and a response (Doc. No. 175, "Third Response) in support of Plaintiff's Third Motion to Seal (hereinafter, the Court refers to the First Response, Second Response, and Third Response collectively as the "Responses").

For the reasons discussed herein, the Court **DENIES** Plaintiff's First Motion to Seal and Plaintiff's Second Motion to Seal, but **GRANTS** Plaintiff's Third Motion to Seal.

## BACKGROUND

To provide helpful background information, the Court adopts (as apparently accurate and undisputed by Plaintiff) and quotes here a portion of the background section from Defendant's memorandum (Doc. No. 126) that was filed in support of Defendant's first motion to seal (Doc. No. 125):

> On August 16, 2024, this Court entered a Protective Order authorizing the parties to designate certain non-public material as "Confidential" or "Attorneys' Eyes Only" in order to be protected from disclosure as part of the discovery process. ECF No. 37. The parties agreed that this case was likely to involve the production of "confidential information including but not limited to revenue information, sensitive commercial agreements, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted." *Id.* at 2. The Protective Order defines "Confidential Material" as materials "that are reasonably believed to be non-public, proprietary, commercially sensitive, and/or subject to third-party privacy or confidentiality restrictions." *Id.* at 4. It defines AEO materials as materials that "contain highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party." *Id.* at 3–4. Throughout discovery, Pandora made substantial productions of non-public material to the Mechanical Licensing Collective ("MLC") and worked diligently to designate protected material consistent with the terms of the Protection Order.
>
> While the Protective Order provides protections from disclosure during the discovery process, by its terms, it does not guarantee that such material will be sealed if it is filed on the Court's docket. Instead, the Protective Order requires that a party seeking to seal such material to file a separate sealing motion as provided under Local Rule 5.03. *Id.* at 3.

(Doc. No. 126 at 1-2).

## LEGAL STANDARD

There is a longstanding and "'strong presumption in favor of openness' as to court records."

*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting

*Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). A party seeking to seal a document from public view must provide "compelling reasons" to seal the document and demonstrate that sealing is narrowly tailored to serve those reasons by analyzing "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305-06 (internal citations omitted). In other words, "[t]o meet this burden, the party must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 Fed. Appx. 635, 638 (6th Cir. 2019) (citing *Shane Grp., Inc.*, 825 F.3d at 305).

As this Court has emphasized, although granting a motion to seal is within the trial court's discretion, "the Court must honor the above-referenced three requirements for sealing; if those requirements are not satisfied, then the Court lacks the discretion to order sealing and instead must decline to order sealing." *Montenegro v. Vaco LLC*, No. 3:23-cv-01265, 2025 U.S. Dist. LEXIS 5188, at *4 (M.D. Tenn. Jan. 10, 2025) (Richardson, J.). Importantly, it is improper to grant a motion to seal "simply because it is unopposed." *Rucker v. Lindamood*, No. 1:16-cv-00090, 2020 U.S. Dist. LEXIS 185583, at *4 (M.D. Tenn. Oct. 6, 2020).

Notably, by itself, a document's designation as confidential under a protective order agreed to by the parties does not suffice to meet this burden. *See, e.g.*, *Hughes v. Core Civic, Inc.*, No. 3:19-CV-924, 2021 WL 5827136, at *1 (M.D. Tenn. Dec. 8, 2021), *report and recommendation adopted*, 2021 WL 2411342 (M.D. Tenn. June 11, 2021). *Cf. Brown*, 710 F.2d at 1180 (noting that a "confidentiality agreement between the parties does not bind the court in any way" in deciding whether to seal documents). "From this, it easily follows that a party's mere assertion . . . that a

document is confidential does not suffice, either." *Lee v. Vanderbilt Univ.*, No. 3:20-cv-00924, 2025 U.S. Dist. LEXIS 250380, at *3 (M.D. Tenn. Dec. 4, 2025) (Richardson, J.).

<u>DISCUSSION</u>

In Plaintiff's Motions to Seal, Plaintiff acknowledges that "Section 3 of the Protective Order requires: 'A Party wishing to use any Confidential Data designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in any pleading or filing with the Court in this action [to] file it under seal consistent with the provisions of Middle District of Tennessee Local Rule 5.03.'" (Doc. Nos. 109, 156, and 173 at 1 (quoting Doc. No. 37 at 3)). Importantly, Section 3 of the Protective Order also makes clear that "[t]he proponent of sealing must provide compelling reasons to seal the documents and demonstrate that the sealing is narrowly tailored to those reasons—specifically by 'analyz[ing] in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" (Doc. No. 37 at 3 (quoting *Beauchamp v Federal Home Loan Mortgage Co.*, 658 F. App'x. 202, 207 (6th Cir. 2016) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305-06 (6th Cir. 2016)))).[1]

Outside of asserting that the documents have been designated as confidential under the protective order (Doc. No. 37), Plaintiff's Motions to Seal do not provide any reason—compelling or otherwise—that would justify sealing the documents Plaintiff seeks to seal via its Motions to Seal. Notably, and as discussed above, a document's designation as confidential under a protective order agreed to by the parties does not qualify as a compelling reason. But Defendant's Responses

---

[1] Here, Plaintiff probably constitutes the formal "proponent" of the requested sealing, since it is the party that has filed the Motions to Seal because it was required by the Protective Order to do so (predominantly for *Defendant's* benefit and protection). But Defendant constitutes the *true* proponent of most (though not all) of the requested sealing, as it is the party that has the actual interest in keeping confidential most (though not all) of the information as to which sealing is requested. So, the Court will entertain a showing of alleged compelling reasons presented by Defendant just as it would if they were presented by Plaintiff, the movant here.

do provide a compelling reason from which the Court can justify sealing the documents in question. More specifically, Defendant's Responses assert that the redacted materials contain Defendant's confidential business information and that "protection of [Defendant's] confidential business information is necessary to preserve [Defendant's] ability to compete in the highly competitive music streaming industry." (Doc. No. 142 at 3; Doc. No. 162 at 3; Doc. No. 175 at 3). In support of that assertion, Defendant notes that "district courts in this Circuit have determined that the substantial risk of competitive harm is a compelling reason that warrants sealing under the Sixth Circuit's *Shane Group* standard." (*Id.* (citing *London Computer Sys., Inc. v. Zillow, Inc.*, No. 1:18-CV-696, 2019 WL 4110516, at \*4 (S.D. Ohio Aug. 29, 2019) (granting motion to seal documents containing "confidential business information, such as marketing strategies, revenue/sales data, and financial calculations," stating that "[t]his Court has repeatedly held that companies have a compelling interest in protecting such information from their competitors— especially where, as here, disclosure would cause a competitive disadvantage." (citations omitted)); *Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-CV-185, 2017 WL 3537195, at \*3 (S.D. Ohio Aug. 17, 2017) (granting motion to seal documents that "would allow competitors to have an inside look into P&G's business strategies"))). The Court has examined the relevant documents at issue and finds that they appear to contain the confidential material as described. Therefore, the Court finds that Defendant has shown that there are compelling reasons to seal the redacted material.

As discussed above, to justify the requested sealing, not only must there be a compelling reason, but the request must be narrowly tailored. Notably, Plaintiff's Motions to Seal do not use the words "narrowly tailored" or indeed make any sort of argument suggesting that the requests are narrowly tailored. But Defendant—in its Responses, which were filed in support of Plaintiff's

Motions to Seal—does argue that Plaintiff's Motions to Seal are narrowly tailored. (*See* Doc. No. 142 at 4; Doc. No. 162 at 4; and Doc. No. 175 at 3). Notably, for a request to be "narrowly tailored," the request "must be no broader than necessary." *Davis v. City of Columbus*, No. 2:17-CV-823, 2021 WL 7968412, at *2 (S.D. Ohio Feb. 2, 2021) (citing *Shane Group, Inc.*, 825 F.3d at 305). That requirement is related to the requirement—imposed by the Local Rule 5.03(e)—that "[i]f practicable, the party requesting that some or all of a filing be sealed must also separately file a redacted version." Although Plaintiff appears to have filed redacted versions of all of the documents that it seeks to seal via its Third Motion to Seal (which includes just one document), the same is not true with respect to its First Motion to Seal and its Second Motion to Seal.

Plaintiff has filed a redacted version of the document it seeks to seal via the Third Motion to Seal. (*See* Doc. No. 171). Moreover, in Defendant's Third Response (Doc. No. 175) Defendant asserts—and the Court is inclined to accept—that "[Plaintiff's] request is tailored to protect only the most sensitive non-public information that remains competitively sensitive," and that "[Defendant] has reviewed the unsealed version of [Plaintiff's] reply brief and determined that public disclosure would cause substantial harm to [Defendant]." (*Id.* at 4). Therefore, the Court finds that the Third Motion to Seal is narrowly tailored and finds that the interest in maintaining the secrecy of the redacted information outweighs the public's interest in viewing the entirety of the document. Therefore, the Court hereby will **grant** the Third Motion to Seal.

However, the Court will deny the First Motion to Seal and the Second Motion to Seal without prejudice for failure to comply with the applicable local rule. Local Rule 5.03(b)(2) requires that "[i]mmediately after filing the motion [to seal]," the filing party (the movant) "file the proposed sealed document by selecting the 'Sealed Document' event in CM/ECF." Relatedly, Local Rule 5.03(e) provides: "If practicable, the party requesting that some or all of a filing be

sealed must also separately file a redacted version. If the filing of a redacted version is impracticable, the motion to seal must include an affirmative statement to that effect." In sum, Local Rule 5.03 requires the movant to file under seal an unredacted version of the documents to be sealed and to file immediately thereafter on the public docket a redacted version of that document (unless the party explains that redacting the document is impracticable). Plaintiff filed redacted versions of only *some*, and not *all*, of the documents that it wishes to seal via its First Motion to Seal and its Second Motion to Seal, and Plaintiff did not include an "affirmative statement," as required alternatively, explaining why redacting those specific documents would be impracticable.

Therefore, the Court finds that the First Motion to Seal and the Second Motion to Seal are not in compliance with the Local Rules. So, the Court hereby will **deny** the First Motion to Seal and the Second Motion to Seal without prejudice to Plaintiff moving again (within thirty days of the entry of this Order) to place the filings at Docket Nos. 110-114, 116, and 157-159 under seal.

CONCLUSION

For the reasons stated herein, the Court **GRANTS** the Third Motion to Seal (Doc. No. 173). Accordingly, Docket No. 174 shall remain under seal. The Court **DENIES** the First Motion to Seal (Doc. No. 109) and the Second Motion to Seal (Doc. No. 156) without prejudice to Plaintiff moving again (within thirty days of the entry of this Order) to place the filings at Docket Nos. 110-114, 116, and 157-159[2] under seal.

---

[2] Although the Court herein denies the First Motion to Seal and Second Motion to Seal, the Court will leave the filings at Docket Nos. 110-114, 116, and 157-159 under seal for the next 30 days to afford Plaintiff time to refile more adequate motions to seal, thereby preventing in the interim public access to the potentially sensitive portions of the filings at Docket Nos. 110-114, 116, and 157-159.

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE