IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MECHANICAL LICENSING COLLECTIVE,<br><br>Plaintiff,<br><br>v.<br><br>PANDORA MEDIA, LLC,<br><br>Defendant. | Civil Action No. 3:24-cv-00168<br><br>Judge Eli J. Richardson |

**PANDORA MEDIA, LLC'S STATEMENT IN SUPPORT OF THE MECHANICAL LICENSING COLLECTIVE'S RENEWED MOTION FOR LEAVE TO MAINTAIN DOCUMENTS UNDER SEAL**

Defendant Pandora Media, LLC ("Pandora") respectfully submits this statement in support of Plaintiff Mechanical Licensing Collective's ("MLC") Renewed Motion for Leave to Maintain Documents Under Seal (Dkt. 186). The materials identified in the MLC's motion substantially overlap with the materials that this Court has previously allowed to be filed under seal. *See* Dkt. 182 at 7; Dkt. 183 at 7. As noted in the MLC's motion, the parties worked jointly to review the specific documents identified in the Court's July 24, 2026 Order (Dkt. 183) (the "July 24 Order") and apply tailored redactions to ensure that redacted versions of the documents are available to the public. *See* Dkt. 186 at 2. The remaining material that the parties request be kept under seal is limited to Pandora's highly sensitive confidential information including Pandora's product strategy, internal marketing strategy, competitive analyses, and information related to Pandora's proprietary music selection algorithms.

In this statement, Pandora provides the Court with an additional document-by-document analysis and explains why the relevant redactions are necessary for multiple categories of Pandora's highly sensitive and confidential information. Because disclosure of the relevant material would impose clear and substantial harm on Pandora, and the MLC's motion cures the procedural deficiency identified by the Court, Pandora respectfully requests that the Court grant the MLC's motion.

## BACKGROUND

In connection with the MLC's summary-judgment briefing, the MLC filed its First Motion to Seal on February 5, 2026 (Dkt. 109), seeking to seal certain materials submitted in support of its Motion for Summary Judgment, and its Second Motion to Seal on March 5, 2026 (Dkt. 156), seeking to seal certain materials submitted with its opposition brief to Pandora's Motion for Summary Judgment. The Court considered those motions together with the MLC's Third Motion to Seal (Dkt. 173), which is not at issue. On July 24, 2026, this Court issued an order granting in part and denying in part the MLC's sealing motions (Dkt. 183). The Court granted the MLC's Third Motion to Seal, but denied the MLC's First and Second Motions to Seal. *Id.* at 7. The Court found that the documents the MLC requested be sealed appeared to contain confidential material and that compelling reasons supported sealing the redacted material. *Id.* at 5–6. The Court nevertheless concluded that the MLC had not complied with Local Rule 5.03 as to 103 exhibits because the MLC had neither filed public redacted versions of those exhibits nor affirmatively stated that filing redacted versions was impracticable. *Id.* at 6–7. The Court permitted the MLC to renew its request within thirty days and left the affected filings under seal during that period. *Id.* at 7 & n.2.

On August 24, 2026, the MLC filed its Renewed Motion for Leave to Maintain Documents Under Seal (Dkt. 186). As described in the MLC's motion, the parties have applied redactions to 95 of the 103 exhibits identified by the Court and have agreed that the remaining 8 exhibits can be released in full on the public docket. Through this statement, Pandora provides the Court with further context on the relevant documents, including a document-by-document analysis of the specific redactions at issue for the different categories of highly sensitive information. Additionally, the parties have worked to minimize the amount of material filed under seal and are only seeking leave to redact portions of the documents that contain highly sensitive information that would impose substantial harm on Pandora if disclosed.

**LEGAL STANDARD**

To justify nondisclosure to the public, the proponent of sealing must provide compelling reasons to seal the documents and demonstrate that the sealing is narrowly tailored to those reasons—specifically, by "analyz[ing] in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–06 (6th Cir. 2016) (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). To meet this burden, the proponent must demonstrate that "disclosure will work a clearly defined and serious injury." *Iannone v. AutoZone, Inc.*, 2023 WL 3083436, at *3 (W.D. Tenn. Apr. 25, 2023) (internal quotation marks omitted).

Local Rule 5.03(e) further provides that, "[i]f practicable, the party requesting that some or all of a filing be sealed must also separately file a redacted version." L.R. 5.03(e). "If the filing of a redacted version is impracticable, the motion to seal must include an affirmative statement to that effect." *Id.*

## ARGUMENT

### I. Compelling Reasons Support the Redactions to the Exhibits Identified by the Court

In ruling on the parties' prior sealing motions, the Court examined the relevant documents and found that they appeared to contain confidential information that warranted sealing. With respect to Pandora's sealing motions, the Court found that Pandora had "shown that there are compelling reasons to seal the redacted material." Dkt. 182 at 5. And with respect to the MLC's sealing motions, the Court likewise found that there were "compelling reasons to seal the redacted material." Dkt. 183 at 5. The Court denied the MLC's First and Second Motions to Seal without prejudice because the MLC had not complied with Local Rule 5.03(e) as to 103 exhibits. *Id.* at 6–7. The MLC has now cured that procedural deficiency as to all of the exhibits by filing public redacted versions of 95 exhibits and withdrawing its request for sealing as to 8 exhibits.

The same compelling reasons that the Court found sufficient to support sealing the redacted material in prior sealing motions submitted by Pandora and the MLC likewise support the targeted redactions to the exhibits identified in the July 24 Order. Protection of Pandora's confidential business information is necessary to preserve Pandora's ability to compete in the highly competitive music streaming industry. Courts have long recognized that sealing is appropriate to protect "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Likewise, district courts in this Circuit have determined that the substantial risk of competitive harm is a compelling reason that warrants sealing under the Sixth Circuit's *Shane Group* standard. *See, e.g.*, *London Comput. Sys., Inc. v. Zillow, Inc.*, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019) (granting motion to seal documents containing "confidential business information, such as marketing

strategies, revenue/sales data, and financial calculations"); *Proctor & Gamble Co. v. Ranir, LLC*, 2017 WL 3537195, at *3 (S.D. Ohio Aug. 17, 2017) (granting motion to seal documents that "would allow competitors to have an inside look into P&G's business strategies").

As described in detail below, the proposed redactions cover several categories of highly sensitive and confidential information including: confidential and nonpublic usage metrics for Pandora's products and features, Pandora's internal product-design and technical information, information about Pandora's highly sensitive proprietary music algorithms, Pandora's internal marketing and competitive analyses, Pandora's confidential royalty and usage reporting data, and various forms of written discovery documents that pertain to a combination of these categories.

- **Non-Public Product Usage Data: Dkt. Nos. 112-20; 112-23 to 112-25; 112-30; 114-9; and 114-13 to 114-15** contain detailed usage statistics for Pandora's radio-streaming products and features. This information is closely guarded by Pandora (and other industry participants) and kept non-public in the ordinary course of business. *See Zillow, Inc.*, 2019 WL 4110516, at *4. Disclosure of these sensitive metrics would reveal nonpublic information regarding user engagement with particular products and features, permitting Pandora's competitors to draw conclusions about product and feature performance, consumer behavior, and Pandora's product priorities.
- **Non-Public Product Design Materials: Dkt. Nos. 112-21 to 112-22; 112-27; 112-32 to 112-36; 112-38; 112-41; 114-10 to 114-11; 116-2 to 116-4; 116-8; 116-11; 116-14 to 116-17; 116-19; and 116-24** contain internal product-requirement and design materials concerning several of Pandora's products and features. Pandora's proposed redactions protect granular technical parameters,

feature constraints, and internal product design decisions concerning how those offerings were developed and operate. This information concerns Pandora's "proprietary methodology" for designing and maintaining its product and service offerings and is "closely analogous to a protected trade secret," implicating "[t]he same concerns that would justify sealing trade secrets." *Iannone*, 2023 WL 3083436, at *4 (granting motion to seal reports, invoices, contracts, and internal communications that were not trade secrets but contained "proprietary methodology"). Disclosure would create an "increased risk of competitive harm" by permitting Pandora's competitors to access proprietary information about the design, operation, adoption, and performance of Pandora's products and services. *Id.* (internal quotation marks omitted). That substantial risk of competitive harm constitutes a clearly defined and serious injury warranting protection of the redacted material, which Pandora closely protects and does not publicly disclose in the ordinary course of business.

- **Non-Public Algorithm Programming Information: Dkt. Nos. 112-31; 112-43; 114-3; 116-9; and 116-26** contain highly sensitive information about Pandora's proprietary music algorithms. This information includes details about how Pandora has developed and adjusted its algorithms over time—including the results of experiments that Pandora has conducted to test and refine its algorithm. This algorithmic data is closely analogous to a protected trade secret and implicates "[t]he same concerns that would justify sealing trade secrets." *Id.* Disclosure of this highly sensitive information concerning Pandora's music algorithms would cause Pandora clear and substantial harm as it would divulge its

most competitively sensitive information to its business competitors. As a result, Pandora has a compelling interest in maintaining the redacted information in these documents under seal.

- **Non-Public Competitive Research & Strategy: Dkt. Nos. 112-12; 112-17; 112-19; 112-28 to 112-29; 112-39; 112-42; 114-2; 114-4; 114-6; 114-8; 114-12; 116-7; 116-20 to 116-22; and 116-25** contain highly sensitive information about Pandora's internal marketing, strategy, and competitive analyses. For example, these documents include the confidential results of consumer research studies conducted by Pandora and detailed "go-to-market" strategies for various Pandora product offerings. Disclosure of these materials would substantially harm Pandora by allowing its competitors to have "an inside look into [Pandora's] business strategies." *Proctor & Gamble Co.*, 2017 WL 3537195, at *3 (granting motion to seal "sales and marketing data" and "strategic business plans"). And courts have specifically held that companies have a compelling interest in protecting "marketing strategies, revenue/sales data, and financial calculations" where disclosure would cause a competitive disadvantage. *Zillow, Inc.*, 2019 WL 4110516, at *4.

- **Non-Public Royalty and Usage Data: Dkt. Nos. 112-37; 112-44; 113-2 to 113-13; and 116-18** contain confidential and highly sensitive information regarding Pandora's royalty and usage reporting data to the MLC. These documents include monthly financial reporting documents which contain details concerning the financial performance of Pandora's internet radio offerings. This type of highly

sensitive and confidential non-public financial information likewise warrants sealing. *See id.* (granting motion to seal "revenue/sales data").

- **Non-Public Discovery Documents/Disclosures: Dkt. Nos. 112-1 to 112-3; 112-5 to 112-11; 112-14 to 112-15; 112-26; 112-40; 114 to 114-1; 114-16; 116 to 116-1; 116-5 to 116-6; 116-10; 116-12 to 116-13; 116-23; and 159 to 159-1** include multiple types of written discovery documents that have been exchanged in this case including Pandora's Responses to the MLC's Interrogatories and Requests for Admission, deposition transcripts from several Pandora witnesses, and prior testimony of Pandora employees before the Copyright Royalty Board ("CRB") that was produced to the MLC. These documents contain highly sensitive and confidential information that pertains to multiple overlapping categories of confidential information described above. For example, the deposition transcript of William Barrows ("W.B.") Peale (Dkt. 112-10) contains several pages of granular testimony discussing the design and functioning of Pandora's proprietary music selection algorithm and also discusses details about the design of Pandora's other products and features. For the reasons described above, the highly sensitive information in these documents should remain under seal.

In addition to the compelling reasons for sealing the redacted materials, sealing is also warranted because the redactions are narrowly tailored to preserve the confidentiality of the highly sensitive material without preventing the public from understanding the relevant facts and arguments made by the MLC. In light of the July 24 Order, the parties re-reviewed each document, proposed redactions to allow as much information to be disclosed as possible, and

have tailored the remaining redactions to protect material that would cause substantial harm to Pandora if publicly disclosed. The parties have not redacted contextual background information or generalized business information that is not likely to cause substantial competitive harm to Pandora. Moreover, the parties have agreed to withdraw their request for sealing as to 8 documents in their entirety.

In sum, the proposed redactions are tailored to protect only the most sensitive nonpublic information that is likely to cause Pandora serious injury if disclosed. The public therefore will remain able to understand the nature of the MLC's arguments and supporting facts without gaining access to Pandora's competitively sensitive metrics, product requirements, and technical information. Sealing of the unredacted versions of the exhibits is therefore appropriate. *See Proctor & Gamble Co.*, 2017 WL 3537195, at *3 (granting motion to seal where the "limited redactions [were] not necessary for the public to evaluate [the] judicial decision or to understand the result of th[e] litigation"); *Kentucky v. Marathon Petroleum Co. LP*, 2019 WL 4452956, at *10 (W.D. Ky. Sep. 17, 2019) (granting motion to seal a summary judgment brief where the proposed redactions "would not prevent the public from viewing the substance of [the party's] arguments").

In order to satisfy the procedural requirements of the July 24 Order and Local Rule 5.03, redacted versions of 95 of the 103 exhibits have been filed on the public docket and are currently available to the public. Dkt. 187. With respect to the remaining 8 exhibits, the MLC has withdrawn its request for sealing and those exhibits will soon be entirely available to the public. *See* Dkt. 186 at 6. As a result, the MLC's motion cures the specific procedural deficiency identified in the July 24 Order and complies with Local Rule 5.03.

## CONCLUSION

For the foregoing reasons, Pandora respectfully requests that the Court grant the MLC's Renewed Motion and maintain under seal the unredacted versions of the filings previously submitted in connection with the MLC's First and Second Motions to Seal. In the event the Court requires additional information regarding any of the documents at issue or the rationale for any of the redactions, Pandora is prepared to promptly provide such information, and respectfully requests that the documents remain under seal until Pandora provides such information.

Dated: September 4, 2026

Respectfully Submitted,

/s/ *Benjamin E. Marks*

**WEIL, GOTSHAL & MANGES LLP**

Benjamin E. Marks (admitted *pro hac vice*)
Todd Larson (admitted *pro hac vice*)
767 Fifth Avenue, 32nd Fl.
New York, NY 10153
Tel: (212) 310-8000
Benjamin.Marks@weil.com
Todd.Larson@weil.com

Crystal L. Weeks (admitted *pro hac vice*)
Sebastian Laguna (admitted *pro hac vice*)
2001 M Street, NW, Suite 600
Washington, DC 20036
Phone: (202) 682-7516
Fax: (202) 857-0940
Crystal.Weeks@weil.com
Sebastian.Laguna@weil.com

**SHERRARD ROE VOIGT & HARBISON, PLC**

Michael G. Abelow (No. 26710)
Micah N. Bradley (No. 38402)

1600 West End Ave., Suite 1750
Nashville, TN 37203
Tel: (615) 742-4532
Fax: (615) 742-4539
mabelow@srvhlaw.com
mbradley@srvhlaw.com

*Counsel for Defendant Pandora Media, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2026, the foregoing **Statement in Support of the MLC's Motion for Leave to Maintain Documents Under Seal** was filed with the Court's electronic filing system, which will serve a copy on all counsel of record.

Dated: September 4, 2026

/s/ *Benjamin E. Marks*

Benjamin E. Marks