IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MECHANICAL LICENSING COLLECTIVE, | ) | |
| Plaintiff, | ) | CASE NO. 3:24-CV-00168 |
| v. | ) | JUDGE RICHARDSON |
| PANDORA MEDIA, LLC, | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court are two motions ("Motions"). The first is the motion for summary judgment (Doc. No. 103, "Plaintiff's Motion") filed by Plaintiff, Mechanical Licensing Collective ("Plaintiff" or "MLC"), and the second is the motion for summary judgment (Doc. No. 115, "Defendant's Motion") filed by Defendant, Pandora Media, LLC ("Defendant" or "Pandora").

Plaintiff's Motion is supported by an accompanying memorandum of law (Doc. No. 110, "Plaintiff's Memorandum"), various exhibits,[1] and a statement of facts that comprises 28 purportedly material and undisputed facts (Doc. No. 111, "Plaintiff's Statement of Facts"). Defendant has filed a response (Doc. No. 151, "Defendant's Opposition") in opposition to Plaintiff's Motion and a response to Plaintiff's Statement of Facts (Doc. No. 152, "Defendant's SOF Response"). Plaintiff has filed a reply (Doc. No. 174, "Plaintiff's Reply") in further support of Plaintiff's Motion.

---

[1] These include four declarations (*see* Doc. No. 103 at 2), which are in turn accompanied by a variety of exhibits. These filings are located at various entries across the docket, in part because Plaintiff filed some of them subject to a motion to seal (Doc. No. 109) but "filed redacted versions of only *some*, and not *all*, of the documents that it wishe[d] to seal . . . ." (Doc. No. 183 at 7). Relatedly, the Court recognizes that Plaintiff has filed a "Renewed Motion for Leave to Maintain Certain Documents Under Seal" (Doc. No. 186), which the Court will review and resolve by separate order in due course.

Defendant's Motion is supported by an accompanying memorandum of law (Doc. No. 127, "Defendant's Memorandum"), various exhibits,[2] and a statement of facts that comprises 50 purportedly material and undisputed facts (Doc. No. 132, "Defendant's Statement of Facts"). Plaintiff has filed a response (Doc. No. 157, "Plaintiff's Opposition") in opposition to Defendant's Motion and a response to Defendant's Statement of Facts (Doc. No. 158, "Plaintiff's SOF Response"). Defendant has filed a reply (Doc. No. 170, "Defendant's Reply") in further support of Defendant's Motion.

For the reasons discussed herein, the Motions are **DENIED**, and this dispute will proceed toward a trial.

## BACKGROUND

The present action, which the Court will summarize no more than is necessary for the narrow purposes of this Memorandum Opinion and Order, arises from events set out in the single-count complaint (Doc. No. 1, "Complaint") concerning allegedly "[u]npaid [s]tatutory [l]icense [r]oyalties and [l]ate [f]ees" in violation of 17 U.S.C. § 115, a provision of the Copyright Act. (Doc. No. 1 at 17-18). Via Plaintiff's Motion, Plaintiff contends that it is entitled to summary judgment "with respect to the liability of Defendant . . . on the cause of action in the Complaint."[3] (Doc. No. 103 at 1). "Plaintiff also seeks dismissal of Defendant's affirmative defenses of equitable estoppel and waiver" via Plaintiff's Motion. (Doc. No. 103 at 1 n.1). Via Defendant's Motion,

[2] These include five declarations (*see* Doc. No. 115 at 1), which are in turn accompanied by a variety of exhibits. These filings are located at various entries across the docket, in part because Defendant filed some of them subject to a motion to seal (Doc. No. 125) but "filed redacted versions of only *some*, and not *all*, of the documents that it wishe[d] to seal . . . ." (Doc. No. 182 at 6). Relatedly, the Court recognizes that Defendant has filed a "Renewed Motion for Leave to Maintain Documents Under Seal" (Doc. No. 184), which the Court will review and resolve by separate order in due course.

[3] Plaintiff's Motion is styled as "Plaintiff's Motion for Summary Judgment on Liability" (Doc. No. 103) in light of the Court's order (Doc. No. 50) "grant[ing] the parties' requests for bifurcation" of the trial of this case into a liability phase and (if necessary) a damages phase. (Doc. No. 50 at 1).

Defendant contends that it is "entitled to summary judgment on [Plaintiff's] sole claim of underpaid royalties and late fees." (Doc. No. 115 at 1).

LEGAL STANDARD

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In other words, even if genuine, a factual dispute that is irrelevant under applicable law is of no value in defeating a motion for summary judgment. *See id.* at 248. On the other hand, "summary judgment will not lie if the dispute about a material fact is 'genuine[.]'" *Id.*

A fact is "material" within the meaning of Rule 56(c) "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Reeves v. Swift Transp. Co.*, 446 F.3d 637, 640 (6th Cir. 2006) (citing *Anderson*, 477 U.S. at 248), *abrogated on other grounds by Young v. United Parcel Serv.*, 575 U.S. 206 (2015). A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Harris v. Klare*, 902 F.3d 630, 634-35 (6th Cir. 2018). The party bringing the summary judgment motion has the initial burden of identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Alternatively, the moving party may meet its initial burden by otherwise "show[ing]"—even without citing materials of record—that the nonmovant "cannot produce admissible evidence to support the [existence of a material] fact," Fed. R. Civ. P. 56(c)(1)(B), for example, the existence of an element of a

nonmovant plaintiff's claim. If the summary judgment movant meets its initial burden, then in response the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Pittman*, 901 F.3d at 628 (quoting *Anderson*, 477 U.S. at 250).[4] Importantly, "[s]ummary judgment for a defendant [that has met its initial burden as the movant] is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial.'" *Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999) (quoting *Celotex,* 477 U.S. at 322); *see also Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 115 F. App'x 806, 811 (6th Cir. 2004) ("The non-moving party may not rely on mere allegations and assertions in his pleadings, but rather must present specific facts that show that there is some material issue warranting a trial. If the non-moving party cannot meet this burden, summary judgment is appropriate." (citing *Nichols v. Moore*, 334 F. Supp. 2d 944 (E.D. Mich. 2004))).

As noted above, where there is a genuine dispute as to any material fact, summary judgment is not appropriate. *Hostettler v. College of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018). The court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id*. The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient to survive summary judgment; rather, there must be evidence upon which the jury could reasonably find for the non-moving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

"The standard of review for cross-motions for summary judgment does not differ from the standard applied when a motion is filed by only one party to the litigation." *New Century Found.*

---

[4] Courts (appropriately) at times refer interchangeably to (i) a party being able (or unable) to raise a genuine issue as to a fact and (ii) a reasonable jury being able (or unable) to find in the party's favor on that fact. This Court does likewise herein.

*v. Robertson*, 400 F. Supp. 3d 684, 689 (M.D. Tenn. 2019) (citing *Ferro Corp. v. Cookson Group, PLC*, 585 F.3d 946, 949 (6th Cir. 2009)). "[S]ummary judgment in favor of either party is not proper if disputes remain as to material facts. . . . [T]he court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Id.* (quoting *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991)).

## DISCUSSION

Ordinarily, when considering a motion for summary judgment, such as the instant Motions, the Court would begin its analysis by reviewing those material facts not in genuine dispute and then turn to considering the parties' arguments on the motions for summary judgment, specifically analyzing whether the movant has met its burden to show that there is no genuine issue as to any material fact and considering whether the movant is entitled to judgment as a matter of law.

However, the Court will eschew that approach here. Instead, the Court in its discretion finds that it would be more efficient to deal with all contested issues and examine the fulsome factual record at trial rather than expending the (very substantial) judicial resources necessary to dispose of the Motions.

The Court's finding in this regard stems from the corpulent nature of the parties' cumulative filings concerning the instant Motions. Indeed, the Court discerns that approximately 7,305 pages were filed in total by the two parties concerning the instant Motions, corresponding to approximately 263 total documents.[5] Specifically, the Court discerns that (i) Plaintiff filed 6,361

[5] This number includes filings of all kinds, although the great majority of the 263 documents are exhibits to some kind of filing (a memorandum, a declaration, an expert's report, etc.). Notably, the Court has endeavored to avoid double-counting of any kind, such as double-counting that would result from counting both a redacted and an unredacted version of the same document.

Although the Court undertook a careful effort to calculate the numbers included herein with maximal accuracy, the Court recognizes the possibility that the exact number of pages or documents that each party

pages in support[6] of its Motion and 176 pages in opposition[7] to Defendant's Motion, and (ii) Defendant filed 675 pages in support[8] of its Motion and 93 pages in opposition[9] to Plaintiff's Motion. The Court thus finds that—even assuming (i) the parties' filings comply with the relevant Local Rules, such as Local Rule 56.01(b) (requiring that a statement of material facts be "concise"); (ii) the parties have demonstrated that all of the (purportedly) material facts in their respective Statements of Fact are not in genuine dispute; and (iii) that one or the other of the parties have otherwise met their burden as summary judgment movants—it is an appropriate exercise of the Court's discretion to deny the Motions and manage the case by deciding to deal with all contested issues and examine the fulsome factual record at trial.[10] *See Rago v. Select Comfort Retail Corp.*, No. EDCV192291FMOSPX, 2021 WL 5861555, at *2 (C.D. Cal. June 2, 2021) (collecting cases); *Rocky Brands, Inc. v. Red Wing Shoe Co., Inc.*, No. 2:06-CV-00275, 2009 WL

---

filed in relation to the instant Motions may very well differ from the numbers included herein to some degree. Such potential for slight numerical divergence, however, needs not (and does not) change the Court's conclusion that it is better to deal with the contested issues and voluminous factual record at trial than it is to expend the substantial judicial resources necessary to dispose of the instant Motions.

[6] This accounts for Plaintiff's Motion, Plaintiff's Memorandum, Plaintiff's Statement of Facts, Plaintiff's Reply, and the declarations and attached exhibits that accompany those filings. The Court notes that Plaintiff also filed approximately 48 minutes of "video files in support of its Motion." (Doc. No. 139 at 1).

[7] This accounts for Plaintiff's SOF Response, Plaintiff's Opposition, and the declaration and attached exhibits that accompany those filings.

[8] This accounts for Defendant's Motion, Defendant's Memorandum, Defendant's Statement of Facts, Defendant's Reply, and the declarations and attached exhibits that accompany those filings.

[9] This accounts for Defendant's SOF Response, Defendant's Opposition, and the declaration and attached exhibits that accompany those filings.

[10] In previously denying the parties' request for oral argument on the Motions, the Court—in response to the parties' "vague statement that oral argument [on the instant Motions] will provide the Court with 'clarity'"—expressed its "belie[f]" that it could "resolve Plaintiff's [Motion] and Defendant's [Motion] . . . based on the filed papers." (Doc. No. 176 at 1). That is what the Court is doing herein, denying the Motions upon consideration of the over 7,000 pages of filings the parties ask the Court to consider in resolving the Motions.

10679648, at *1-2 (S.D. Ohio Feb. 11, 2009) ("It is the judgment of this Court that disposing of the pending summary judgment motions in this case would require as much time and resources as a full trial on the merits. Accordingly, the Court, in its discretion, DENIES the parties' summary judgment motions . . . ." (citing *Local Union No. 4343 of United Mine Workers of Am. v. Old Ben Coal Co.,* 762 F. Supp. 251, 253 (S.D. Ind. 1991))); *Local Union No. 4343*, 762 F. Supp. at 253 ("[I]f disposing of a summary judgment motion requires as much time as a full trial on the merits, Rule 56 no longer serves the purpose of economizing the court's and litigants' time, and as such, should be denied." (citing, *inter alia*, 10 Wright and Miller, Federal Practice and Procedure, Summary Judgment Proceedings § 2728 at 557-558)).

Indeed, as a district court in this circuit has noted:

> Given the volume of papers in the record and the complexity of the proposed facts as highlighted by the parties' recent filings, the Court is satisfied that the effort necessary to make the determination whether there are genuine issues of material fact requiring trial is not a productive use of its time. The better course is to require the case to be set down for separate trials. Even if the Court were to find that defendants had carried their burden, the Court would doubt the wisdom of granting summary judgment and terminating the case prior to trial. In such a circumstance, the Court has discretion to deny the motion. *See* 10 A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2728 (3ed.1998).

*Propps v. 9008 Grp., Inc.*, No. 03-71166, 2006 WL 2124242, at *1 (E.D. Mich. July 27, 2006). With respect to the instant Motions, given some of the motion-specific observations made above, the Court discerns that resolving the instant Motions (with the attention they deserve) on the merits might well require more judicial resources than for this case to go to trial.[11] And, of course, if the

[11] The Court says this for several reasons. First, Plaintiff brings a single cause of action against Defendant. Second, the parties here have estimated that the trial would take 5-6 days. (Doc. No. 33 at 9). This is not especially short for a trial, but it is not particularly long, either, and this does not appear to be a case that would require much judicial elbow grease in performing the judge's out-of-court trial work, such as crafting jury instructions. Third, the Court knows from experience what kinds and (perhaps surprisingly very large) amounts of resources it needs to and does devote to cross-motions for summary judgment. As it relates to these Motions specifically, the Court emphasizes that it likely would have to dedicate enormous resources

Motions were both to be decided and *denied* (in whole or even in part), then the resources spent on resolving the Motions could be entirely in addition, rather than alternative, to the resources spent on a trial.[12] Notably, the huge volume of filings on Plaintiff's side, and the large volume of filings on Defendant's side, tend to undermine any confidence that either of the Motions will be granted because if a summary judgment motion requires so many different pillars of support, there naturally is an increased mathematical likelihood that one of the essential pillars is unsteady. Or to put it differently, if a party has to file thousands of pages and hundreds of documents to explain why there is nothing for a jury to decide—i.e., to explain that, in today's parlance, "there's nothing to see here"—then the volume suggests that there is indeed something for the jury to see, i.e., lots of evidence that must be evaluated to make findings regarding the material facts.

Moreover, as shown by the cases cited above, the Court is well within its discretion to deny the Motions on these grounds. *See Anderson*, 477 U.S. at 255 ("Neither do we suggest . . . that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial."); *United States v. Certain Real and Personal Prop. Belonging to Hayes*, 943 F.2d 1292, 1297 (11th Cir. 1991) ("A trial court is permitted, in its discretion, to deny even a well-supported motion for summary judgment, if it believes the case will benefit from a full hearing."); *Gott v. Neuman & Esser USA, Inc.*, No. 1:19-CV-4, 2019 WL 11271173, at *2 (E.D. Tenn. Apr. 25, 2019) ("[A] district judge has the discretion to deny a Rule 56 motion even if the movant otherwise successfully carries its burden of proof if the judge has

---

to ruling on the Motions given that the parties have together filed over 7,000 pages of submissions related to these Motions.

[12] This reality takes away some of the force of a legitimate argument against the approach that the Court is taking here: that *if* one of the motions for summary judgment *were* to be granted in full, that would save (potential) jurors time and effort that they will have to expend deciding the case after the denial of the motion for summary judgment (assuming, that is, that the case does not settle before trial).

doubt as to the wisdom of terminating the case before a full trial." (quoting *Veillon v. Expl. Servs., Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989))).

The Court notes that the parties' efforts expended in briefing the Motions ultimately should prove not to have gone to waste, but rather to be a great aide in preparing for trial—and to the extent that the effort does prove wasted, the Court believes that such waste falls at the feet of the parties.

The Court can imagine three different challenges to the Court's reasoning herein. First, one might protest that the effort required to draft the instant Order (including to make the calculations set forth herein) is inconsistent with the Court's asserted need to preserve judicial resources. To that, the Court would respond that for multiple reasons, preparation of the instant Order actually involved substantially less of a time investment than the content of the Order might indicate. Second, one might note that relative to Plaintiff, Defendant filed a more modest number of pages and documents concerning the instant Motions. To that, the Court would respond that (i) the volume of Defendant's filings is still not insignificant, and (ii) in any event, the Court has determined that proceeding toward trial is more appropriate than considering one of the instant Motions but not the other. Finally, one might insist that the Court need not review anywhere near all of the 7,305 pages that were filed; after all, sometimes a party will file a lengthy deposition transcript just so the Court can verify the accuracy of the citation of a mere few lines therein. And to that, the Court would respond that (i) the Court cannot assume on the front end that most of the 7,305 pages will not need to be reviewed, (ii) that even a small fraction of 7,305 pages can amount to a very large number of pages, and (iii) the fact that 263 different documents have been filed (every one of which presumably was filed under the rationale that it requires discrete review by

the Court) makes plain that the Motions contemplate the Court doing a great deal of piecemeal review of the filed documentations.

CONCLUSION

For the reasons stated herein, the Court **DENIES** both Plaintiff's Motion (Doc. No. 103) and Defendants' Motion (Doc. No. 115). The Court further **DENIES** as moot the pending "*Daubert* Motion to Exclude Testimony of Robin Flynn" (Doc. No. 134) filed by Defendant, without prejudice to refile as part of any motion in limine or other pretrial motion as trial approaches.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE