IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MECHANICAL LICENSING COLLECTIVE, | ) | |
| Plaintiff, | ) | CASE NO. 3:24-CV-00168 |
| v. | ) | JUDGE RICHARDSON |
| PANDORA MEDIA, LLC, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are two renewed motions to seal[1] (collectively, "Renewed Motions"). The first is the "Renewed Motion for Leave to Maintain Documents Under Seal" (Doc. No. 184, "Defendant's Renewed Motion") filed by Defendant, Pandora Media, LLC ("Defendant" or "Pandora"), and the second is the "Renewed Motion for Leave to Maintain Certain Documents Under Seal" (Doc. No. 186, "Plaintiff's Renewed Motion") filed by Plaintiff, Mechanical Licensing Collective ("Plaintiff" or "MLC").

Via Defendant's Renewed Motion, Defendant "moves pursuant to Local Rule 5.03 for an order maintaining under seal the unredacted versions of the filings at Docket Nos. 127, 127-1 to 127-16, 128 to 132, 170, and 170-1 to 170-10." (Doc. No. 184 at 1). Defendant filed a memorandum (Doc. No. 185, "Defendant's Memorandum") in support of its Renewed Motion.

[1] What parties and courts typically call a motion to seal (and, likewise, refer to as a motion requesting sealing) is usually (and in the instant case) not actually a motion to seal documents *in the first instance* (i.e., a motion to seal documents that heretofore have been on the docket and not under seal); rather, such a motion is in substance a motion to have a document that was previously filed by a party under seal *remain* under seal—i.e., a motion to maintain under seal a document that was filed under seal (conditionally, and subject to the Court's later approval). But consistent with the typical custom, the Court herein at times refers to such a motion as a motion to seal, i.e., a request for sealing.

Via Plaintiff's Renewed Motion, Plaintiff "moves for an [o]rder: (i) maintaining unredacted versions of certain documents under seal and (ii) placing other documents filed under seal in the public record." (Doc. No. 186 at 1). Plaintiff did not file a memorandum in support of its Renewed Motion, but rather filed a "Notice of Filing" (Doc. No. 187) to "give[] notice of filing [certain] documents in redacted form as referenced in [Plaintiff's Renewed Motion]." (Doc. No. 187 at 1). Defendant filed a response (Doc. No. 188, "Defendant's Response") in support of Plaintiff's Renewed Motion.

For the reasons discussed herein, the Court **GRANTS** both Defendant's Renewed Motion and Plaintiff's Renewed Motion.

## BACKGROUND

Helpful (and apparently undisputed) background information regarding Defendant's Renewed Motion is set forth as follows in the background section of Defendant's Memorandum:

> In connection with its summary-judgment briefing, Pandora filed its First Motion to Seal on February 5, 2026 ([Doc. No.] 125), seeking to seal certain materials submitted in support of its Motion for Summary Judgment, and its Fourth Motion to Seal on March 31, 2026 ([Doc. No.] 168), seeking to seal certain materials submitted with its reply in support of that motion. The Court considered those motions together with Pandora's Second and Third Motions to Seal ([Doc.] Nos. 136 and 149), which are not at issue in this renewed request. On July 17, 2026, this Court issued an order granting in part and denying in part Pandora's sealing motions. [Doc. No.] 182. The Court granted Pandora's Second and Third Motions to Seal, but denied Pandora's First and Fourth Motions to Seal. *Id.* at 7. The Court found that the documents that Pandora requested be sealed appeared to contain the confidential material Pandora described and that compelling reasons supported sealing the redacted material. *Id.* at 5–6. The Court nevertheless concluded that Pandora had not complied with Local Rule 5.03(e) as to six exhibits because Pandora had neither filed public redacted versions of those exhibits nor affirmatively stated that filing redacted versions was impracticable. *Id.* at 6–7 & nn.1–2. The Court permitted Pandora to renew its request within thirty days and left the affected filings under seal during that period. *Id.* at 7–8 & n.3.

(Doc. No. 185 at 1-2). Likewise, helpful (and, again, apparently undisputed) background information regarding Plaintiff's Renewed Motion is set forth as follows in the background section of Defendant's Response:

> In connection with the MLC's summary-judgment briefing, the MLC filed its First Motion to Seal on February 5, 2026 ([Doc. No.] 109), seeking to seal certain materials submitted in support of its Motion for Summary Judgment, and its Second Motion to Seal on March 5, 2026 ([Doc. No.] 156), seeking to seal certain materials submitted with its opposition brief to Pandora's Motion for Summary Judgment. The Court considered those motions together with the MLC's Third Motion to Seal ([Doc. No.] 173), which is not at issue. On July 24, 2026, this Court issued an order granting in part and denying in part the MLC's sealing motions ([Doc. No.] 183). The Court granted the MLC's Third Motion to Seal, but denied the MLC's First and Second Motions to Seal. *Id.* at 7. The Court found that the documents the MLC requested be sealed appeared to contain confidential material and that compelling reasons supported sealing the redacted material. *Id.* at 5–6. The Court nevertheless concluded that the MLC had not complied with Local Rule 5.03 as to 103 exhibits because the MLC had neither filed public redacted versions of those exhibits nor affirmatively stated that filing redacted versions was impracticable. *Id.* at 6–7. The Court permitted the MLC to renew its request within thirty days and left the affected filings under seal during that period. *Id.* at 7 & n.2.

(Doc. No. 188 at 2).

## LEGAL STANDARD

There is a longstanding and "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). A party seeking to seal a document from public view must provide "compelling reasons" to seal the document and demonstrate that sealing is narrowly tailored to serve those reasons by analyzing "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305-06 (internal citations omitted). In other words, "[t]o meet this burden, the party must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash*

*v. Kia Motors Am., Inc.*, 767 Fed. App'x. 635, 638 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305).

As this Court has emphasized, although granting a motion to seal is within the trial court's discretion, "the Court must honor the above-referenced three requirements for sealing; if those requirements are not satisfied, then the Court lacks the discretion to order sealing and instead must decline to order sealing." *Montenegro v. Vaco LLC*, No. 3:23-cv-01265, 2025 U.S. Dist. LEXIS 5188, at *4 (M.D. Tenn. Jan. 10, 2025) (Richardson, J.). Importantly, it is improper to grant a motion to seal "simply because it is unopposed." *Rucker v. Lindamood*, No. 1:16-cv-00090, 2020 U.S. Dist. LEXIS 185583, at *4 (M.D. Tenn. Oct. 6, 2020).

Notably, by itself, a document's designation as confidential under a protective order agreed to by the parties does not suffice to meet this burden. *See, e.g.*, *Hughes v. Core Civic, Inc.*, No. 3:19-cv-924, 2021 WL 5827136, at *1 (M.D. Tenn. Dec. 8, 2021), *report and recommendation adopted*, 2021 WL 2411342 (M.D. Tenn. June 11, 2021); *cf. Brown & Williamson Tobacco Corp*, 710 F.2d at 1180 (noting that a "confidentiality agreement between the parties does not bind the court in any way" in deciding whether to seal documents). "From this, it easily follows that a party's mere assertion . . . that a document is confidential does not suffice, either." *Lee v. Vanderbilt Univ.*, No. 3:20-cv-00924, 2025 U.S. Dist. LEXIS 250380, at *3 (M.D. Tenn. Dec. 4, 2025) (Richardson, J.).

## DISCUSSION

### I. Defendant's Renewed Motion

Defendant notes as an initial matter that "[i]n ruling on Pandora's prior sealing motions, the Court examined the relevant documents and found that they appeared to contain the confidential information described by Pandora and that Pandora had 'shown that there are

compelling reasons to seal the redacted material,'" (Doc. No. 185 at 4 (quoting Doc. No. 182 at 5)), but that "[t]he Court denied Pandora's First and Fourth Motions to Seal without prejudice because Pandora had not complied with Local Rule 5.03(e) as to six exhibits." (Doc. No. 185 at 4 (citing Doc. No. 182 at 6-7)). Defendant states that it "now cures that procedural deficiency as to four of those exhibits by filing public redacted versions of those exhibits" as attachments to Defendant's Memorandum,[2] and again argues that (i) "[c]ompelling [r]easons [s]upport" keeping the redacted contents confidential, and (ii) Defendant's redactions are "limited." (Doc. No. 185 at 4). As to the "[r]emaining [t]wo [e]xhibits [i]dentified by the Court" as missing from Defendant's prior motions to seal,[3] Defendant argues that "[f]iling redacted versions of those [exhibits] is impracticable." (Doc. No. 185 at 7).

With respect to the redacted contents, Defendant first argues that "[t]he same compelling reasons that the Court found sufficient to support sealing the redacted material in the other filings covered by Pandora's First and Fourth Motions likewise support Pandora's targeted redactions" to Docket Nos. 127-1, 127-12 to 127-14, 127-15, and 127-16. (Doc. No. 185 at 4). Specifically, Defendant again argues that the redacted contents contain Defendant's confidential business information; that protection of such "confidential business information is necessary to preserve Pandora's ability to compete in the highly competitive music streaming industry"; and that "district

---

[2] These exhibits are described by Defendant as follows:

1. [Docket No.] 127-1: *Usage Rate by Pandora Feature*;
2. [Docket] Nos. 127-12 to 127-14: *Premium Access for Web, Product Requirements*;
3. [Docket No.] 127-15: *T1 Flex Skips and Replays Overview*; and
4. [Docket No.] 127-16: *Pandora Modes – Mobile Overview*.

(Doc. No. 184 at 2). The public, redacted versions of these exhibits can be found at Docket Nos. 185-1, 185-2 to 185-4, 185-5, and 185-6, respectively.

[3] These exhibits are described by Defendant as "[Docket No.] 170-3, Pandora's license agreement with Alpha Pup Records, and [Docket] Nos. 170-4 to 170-10, Pandora's license agreement with Universal Music Group ('UMG')." (Doc. No. 184 at 2).

courts in this Circuit have determined that the substantial risk of competitive harm is a compelling reason that warrants sealing under the Sixth Circuit's *Shane Group* standard." (Doc. No. 185 at 4-5 (citing *London Computer Sys., Inc. v. Zillow, Inc.*, No. 1:18-cv-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019) (granting motion to seal documents containing "confidential business information, such as marketing strategies, revenue/sales data, and financial calculations," stating that "[t]his Court has repeatedly held that companies have a compelling interest in protecting such information from their competitors—especially where, as here, disclosure would cause a competitive disadvantage." (citations omitted)); *Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-cv-185, 2017 WL 3537195, at *3 (S.D. Ohio Aug. 17, 2017) (granting motion to seal documents that "would allow competitors to have an inside look into [the plaintiff's] business strategies"))). The Court has examined the relevant documents at issue and again finds that they appear to contain confidential business information as described. Therefore, the Court finds that Defendant has shown that there are compelling reasons to keep confidential the redacted contents (that confidential business information).

Defendant next argues that "[s]ealing is [] warranted" because Defendant has "minimized the amount of redacted information withheld from public view" and "narrowly tailored the redactions." (Doc. No. 185 at 5-6). Specifically, Defendant asserts—and the Court is inclined to accept—that Defendant "limited its redactions to information that was previously designated as Confidential or Attorneys' Eyes Only under the Protective Order ([Doc. No.] 37) and that Pandora has re-reviewed and determined would cause substantial harm to Pandora if disclosed to the public." (Doc. No. 185 at 6). Thus, the Court finds that the proposed redactions are narrowly tailored and that Defendant's interest in maintaining the secrecy of the redacted information outweighs the public's interest in viewing the entirety of the documents.

With respect to the "[r]emaining [t]wo [e]xhibits"[4] (out of the six exhibits that the Court identified as missing from Defendant's prior motions to seal), Defendant affirmatively states that it would be impracticable to file redacted versions of the documents. (Doc. No. 185 at 7). Defendant identifies the two exhibits as "license agreements [that] contain nonpublic commercial terms and are subject to express third-party confidentiality provisions," which "reflect the counterparties' expectations of privacy and the commercial sensitivity of the agreements." (Doc. No. 185 at 7). Defendant further states that it reviewed each agreement and "determined that the same impracticability concern applies to each"—i.e., that "[i]n both agreements, confidential economic and operational terms are distributed throughout and interrelated with the operative provisions," such that "[p]rotecting the confidential terms in either agreement would require redacting substantially all substantive content, leaving little more than the documents' titles, the identities of the parties, and isolated boilerplate." (Doc. No. 185 at 7-8). As noted above, the Court has examined the relevant documents and again finds that they appear to contain confidential business information as described. Moreover, the Court finds that Defendant has provided sufficient reasons as to why it would be impracticable to file public, redacted versions of the exhibits that Defendant filed in unredacted form at Docket Nos. 170-3 and 170-4 to 170-10. Accordingly, the Court hereby will grant Defendant's Renewed Motion.

**II. Plaintiff's Renewed Motion**

Via its Renewed Motion, Plaintiff requests that the Court maintain under seal the unredacted versions of the documents that were subject to Plaintiff's prior motions to seal. (Doc. No. 186 at 1-6). These documents include those that previously were filed in both redacted and

[4] Defendant clarifies that although one of these two exhibits was filed through seven separate docket entries (Doc. Nos. 170-4 to 170-10) due to "file size limitations," the filings that appear at those seven docket entries collectively constitute one exhibit. (Doc. No. 185 at 7 n.1).

unredacted form in compliance with Local Rule 5.03, (*see* Doc. No. 186 at 2), as well as those that Plaintiff previously had filed in unredacted form under seal only but has "[n]ow [f]iled in the [p]ublic [r]ecord." (Doc. No. 186 at 2-6; *see also* Doc. No. 187). Plaintiff also withdraws its request to seal for particular specified documents and requests that the Court order that those documents be placed in the public record. (Doc. No. 186 at 6).

In support of its Renewed Motion, Plaintiff does not offer any explicit argumentation as to why the Court should maintain the relevant documents under seal. Instead, Plaintiff states that its "requests . . . are based upon Defendant's contention that the information in the unredacted versions of th[o]se documents meets the requisite threshold" for sealing, and that Plaintiff "does not oppose Defendant's position and submits that Defendant has represented that the proposed redactions are narrowly tailored to address the confidential and competitive business concerns articulated by Defendant." (Doc. No. 186 at 1). As the Court observed in its order (Doc. No. 183) regarding Plaintiff's prior motions to seal, Plaintiff's lack of argumentation is likely due to the fact that although Plaintiff probably constitutes the formal "proponent" of the requested sealing (since it is the party that has filed the motion to seal), Defendant constitutes the *true* proponent of most (though not all) of the requested sealing, as it is the party that has the actual interest in keeping confidential most (though not all) of the information as to which sealing is requested. As such, the Court will entertain a showing of alleged compelling reasons presented by Defendant with respect to Plaintiff's Renewed Motion just as it would if they were presented by Plaintiff.

Indeed, in Defendant's Response to Plaintiff's Renewed Motion, Defendant purports to "provide[] the Court with an additional document-by-document analysis and explain[] why the relevant redactions are necessary for multiple categories of Pandora's highly sensitive and confidential information." (Doc. No. 188 at 2). Specifically, Defendant argues that the Court

should again find "that there [are] 'compelling reasons to seal the redacted material,'" (Doc. No. 188 at 4 (quoting Doc. No. 183 at 5)), on the grounds that "the proposed redactions cover several categories of highly sensitive and confidential information" related to Defendant's confidential business information.[5] (Doc. No. 188 at 5). Additionally, Defendant argues that "sealing is also warranted because the redactions are narrowly tailored to preserve the confidentiality of the highly sensitive material without preventing the public from understanding the relevant facts and arguments made by [Plaintiff]," and states that—in light of the Court's order regarding Plaintiff's prior motions to seal—"the parties re-reviewed each document, proposed redactions to allow as much information to be disclosed as possible, and [] tailored the remaining redactions to protect material that would cause substantial harm to Pandora if publicly disclosed." (Doc. No. 188 at 8-9). Defendant highlights the fact that "the parties have agreed to withdraw their request for sealing as to 8 documents in their entirety," in order to further support Defendant's argument that "the proposed redactions are tailored to protect only the most sensitive nonpublic information that is likely to cause Pandora serious injury if disclosed." (Doc. No. 188 at 9).

Just as noted above in the context of Defendant's Renewed Motion, the Court has examined the relevant documents at issue and again finds that they appear to contain confidential business information as described. Therefore, the Court finds that Defendant has shown that there are compelling reasons to seal the redacted material (that confidential business information). Moreover, the Court finds that the proposed redactions are narrowly tailored and that Defendant's interest in maintaining the secrecy of the redacted information outweighs the public's interest in

[5] Defendant argues that these categories include "confidential and nonpublic usage metrics for Pandora's products and features, Pandora's internal product-design and technical information, information about Pandora's highly sensitive proprietary music algorithms, Pandora's internal marketing and competitive analyses, Pandora's confidential royalty and usage reporting data, and various forms of written discovery documents that pertain to a combination of these categories." (Doc. No. 188 at 5).

viewing the entirety of the documents. Accordingly, the Court hereby will grant Plaintiff's Renewed Motion.

## CONCLUSION

For the reasons stated herein, the Court **GRANTS** both Defendant's Renewed Motion (Doc. No. 184) and Plaintiff's Renewed Motion (Doc. No. 186). Accordingly, Docket Nos. 127, 127-1 to 127-16, 128 to 132, 170, 170-1 to 170-10, 110, 111, 112, 112-01 to 112-03, 112-05 to 112-12, 112-14, 112-15, 112-17, 112-19 to 112-44, 113, 113-02, 113-03, 113-05 to 113-13, 114, 114-01 to 114-04, 114-06, 114-08 to 114-16, 116, 116-01 to 116-26, 157, 158, 159, and 159-01 shall remain under seal. Further, Docket Nos. 112-04, 112-13, 112-16, 112-18, 113-01, 113-04, 114-05, and 114-07 shall be unsealed by the Clerk and placed on the public docket.

IT IS SO ORDERED.

Eli Richardson

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE