**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| MECHANICAL LICENSING COLLECTIVE,<br><br>Plaintiff,<br><br>v.<br><br>PANDORA MEDIA, LLC,<br><br>Defendant. | Civil Action No. 3:24-cv-00168<br><br>District Judge Eli J. Richardson<br><br>Magistrate Judge Jeffrey S. Frensley<br><br>JURY DEMAND |

**MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, LEAVE TO FILE RENEWED CROSS-MOTIONS FOR SUMMARY JUDGMENT OR CERTIFICATION OF AN INTERLOCUTORY APPEAL**

Pursuant to Federal Rule of Civil Procedure 54, 28 U.S.C. § 1292(b) and the Local Rules for the United States District Court for the Middle District of Tennessee, Plaintiff Mechanical Licensing Collective ("The MLC") moves the Court for an order:

1. Under Federal Rule of Civil Procedure 54(b), reconsidering the Court's Order of September 30, 2026 (Doc. No. 189) and, upon reconsideration, granting The MLC's Motion for Summary Judgment on Liability (Doc. No. 103);

2. In the alternative, granting the parties leave to file, within 21 days, renewed cross-motions for summary judgment, with supporting exhibits limited to 250 pages per party (along with the existing video evidence), or subject to such other limits as the Court may direct; or

3. In the further alternative, amending the Order to state that it involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation, as provided in 28 U.S.C. § 1292(b).

The grounds for this Motion are set forth in the accompanying Memorandum of Law.

Following a meet and confer pursuant to Local Rule 7.01, Pandora authorized The MLC to make the following statement regarding Pandora's position on this Motion: "Counsel for the MLC met and conferred with counsel for Pandora regarding this motion. Pandora stated that it opposes the MLC's request that the Court grant summary judgment in the MLC's favor upon reconsideration, but Pandora does not oppose the requests for reconsideration or leave to file renewed, streamlined summary-judgment motions, provided that any reconsideration encompasses both parties' summary-judgment motions and any opportunity to renew is afforded to both parties on equal terms. Pandora takes no position on the MLC's alternative request for certification of the September 30 Order under 28 U.S.C. § 1292(b). Pandora intends to file a short response addressing each aspect of this motion after reviewing it."

Dated: October 14, 2026

Respectfully submitted,

*<u>/s/ Benjamin K. Semel</u>*
Benjamin K. Semel (admitted *pro hac vice*)
M. Mona Simonian (admitted *pro hac vice*)
Joshua Weigensberg (N.Y. Bar No. 4894929)
Erik F. Bakke (admitted *pro hac vice*)
**PRYOR CASHMAN LLP**
7 Times Square
New York, New York 10036
Phone: (212) 326-0181
Fax: (212) 798-6326
bsemel@pryorcashman.com
msimonian@pryorcashman.com
jweigensberg@pryorcashman.com
ebakke@pryorcashman.com

*<u>/s/ Elizabeth O. Gonser</u>*
Elizabeth O. Gonser (TN Bar No. 026329)
**RILEY & JACOBSON PLC**
1906 West End Ave.
Nashville, TN 37203
Phone: (615) 320 3738
egonser@rjfirm.com

*Attorneys For Plaintiff*
*Mechanical Licensing Collective*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document has been filed with the Court's electronic filing system, which will serve a copy on all counsel of record.

This 14th day of October, 2026.

*/s/ Elizabeth Gonser*
Elizabeth O. Gonser