**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| MECHANICAL LICENSING COLLECTIVE,<br><br>Plaintiff,<br><br>v.<br><br>PANDORA MEDIA, LLC,<br><br>Defendant. | Civil Action No. 3:24-cv-00168<br><br>District Judge Eli J. Richardson<br><br>Magistrate Judge Jeffrey S. Frensley<br><br>JURY DEMAND |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, LEAVE TO FILE RENEWED CROSS-MOTIONS FOR SUMMARY JUDGMENT OR CERTIFICATION OF AN INTERLOCUTORY APPEAL**


PRYOR CASHMAN LLP
Benjamin K. Semel (admitted pro hac vice)
M. Mona Simonian (admitted pro hac vice)
Joshua Weigensberg (N.Y. Bar No. 4894929)
Erik F. Bakke (admitted pro hac vice)
7 Times Square
New York, New York 10036
Phone: (212) 326-0181
Fax: (212) 798-6326
bsemel@pryorcashman.com
msimonian@pryorcashman.com
jweigensberg@pryorcashman.com
ebakke@pryorcashman.com

RILEY & JACOBSON PLC
Elizabeth O. Gonser (TN Bar No. 026329)
1906 West End Ave.
Nashville, TN 37203
P: (615) 320-3738
egonser@rjfirm.com

*Attorneys for Mechanical Licensing Collective*

Contents

PRELIMINARY STATEMENT ........................................................................................ 1
ARGUMENT ................................................................................................................ 3
I. The Court Should Reconsider the Order and Decide the Summary Judgment Motion ........3
A. Recognized Grounds for Reconsideration Apply Here ................................................. 3
B. The Order Overlooked That Liability Turns On Questions of Law .............................. 4
1. The SUMF Ties Each Independent Theory of Liability to the Single Fact or Few Facts on Which It Depends ........................................................................................ 4
2. The Volume of the Filings Reflects Submission Of Complete Exhibits Rather Than Only Excerpts ................................................................................................ 5
C. Proceeding to Trial Would Impose Substantial Burdens Without Resolving the Legal Questions on Which Liability Depends.............................................................. 6
II. Alternatively, the Court Should Grant the Parties Leave to File Renewed Cross-Motions With Substantially Limited Total Page Counts ...................................................7
III. In the Further Alternative, the Court Should Amend the Order to Certify It for Interlocutory Appeal ..........................................................................................................8
CONCLUSION............................................................................................................. 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ackerman v. Diamond Shamrock Corp.*,
670 F.2d 66 (6th Cir. 1982) ....................7

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)....................10

*Arista Records LLC v. Launch Media, Inc.*,
578 F.3d 148 (2d Cir. 2009)....................1, 2, 6

*Bank of Ill. v. Allied Signal Safety Restraint Sys.*,
75 F.3d 1162 (7th Cir. 1996) ....................10

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)....................10

*Gott v. Neuman & Esser USA, Inc.*,
No. 1:19-CV-4, 2019 WL 11271173 (E.D. Tenn. Apr. 25, 2019) ....................9

*Hildebrand v. Board of Trustees of Mich. State Univ.*,
662 F.2d 439 (6th Cir. 1981) ....................6

*Kovacevich v. Kent State Univ.*,
224 F.3d 806 (6th Cir. 2000) ....................7

*Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*,
118 F. App'x 942 (6th Cir. 2004) ....................3

*Lexicon, Inc. v. Safeco Ins. Co. of Am.*,
436 F.3d 662 (6th Cir. 2006) ....................7

*Local Union No. 4343 of United Mine Workers of Am. v. Old Ben Coal Co.*,
762 F. Supp. 251 (S.D. Ind. 1991) ....................9

*McLee v. Chrysler Corp.*,
38 F.3d 67 (2d Cir. 1994)....................10

*McLemore v. Gumucio,*
No. 3:19-cv-00530 (M.D. Tenn. June 11, 2021) ....................2, 4

*Mei Xing Yu v. Hasaki Rest., Inc.*,
944 F.3d 395 (2d Cir. 2019)....................11

*Nat'l Waste Assocs., LLC v. Lifeway Christian Res. of S. Baptist Convention*,
637 F. Supp. 3d 514 (M.D. Tenn. 2022)........................................................................7

*O'Connor v. Lampo Grp., LLC*,
No. 3:20-CV-00628, 2025 WL 1666571 (M.D. Tenn. June 12, 2025) ....................................3

*Propps v. 9008 Grp., Inc.*,
No. 03-71166, 2006 WL 2124242 (E.D. Mich. July 27, 2006)................................................9

*Rago v. Select Comfort Retail Corp.*,
No. EDCV19-2291FMOSPX, 2021 WL 5861555 (C.D. Cal. June 2, 2021)............................9

*Rocky Brands, Inc. v. Red Wing Shoe Co.*,
No. 2:06-CV-00275, 2009 WL 10679648 (S.D. Ohio Feb. 11, 2009) .....................................9

*Sallier v. Brooks*,
343 F.3d 868 (6th Cir. 2003) ....................................................................................6

*In re School Asbestos Litig.*,
977 F.2d 764 (3d Cir. 1992).......................................................................................10

*Seal v. Morgan*,
229 F.3d 567 (6th Cir. 2000) ....................................................................................7

*In re Trivest Partners LP*,
No. 24-0102, 2025 WL 4945280 (6th Cir. Mar. 21, 2025)........................................................9

*In re Trump*,
874 F.3d 948 (6th Cir. 2017) ...............................................................................8, 10

*United States v. Certain Real & Pers. Prop. Belonging to Hayes*,
943 F.2d (11th Cir. 1991) .......................................................................................10

*Veillon v. Expl. Servs., Inc.*,
876 F.2d 1197 (5th Cir. 1989) ..................................................................................10

*Matter of York*,
78 F.4th 1074 (9th Cir. 2023) ..................................................................................10

**Statutes & Regulations**

17 U.S.C. § 114(j)(7) ..........................................................................................4, 5

28 U.S.C. § 1292(b) ...........................................................................................8, 11

37 C.F.R. § 385.2 .................................................................................................5

**Rules**

Fed. R. Civ. P. 50 ........................................ 6

Fed. R. Civ. P. 56 ........................................ 3, 9, 10

Fed. R. Civ. P. 68 ........................................ 11

Plaintiff Mechanical Licensing Collective ("The MLC") submits this memorandum of law in support of its motion for reconsideration of the Court's Order of September 30, 2026 (ECF No. 189, the "Order") and for alternative relief. The Order denied The MLC's motion for summary judgment on liability (ECF No. 103, the "Summary Judgment Motion") and the cross-motion of Defendant Pandora Media, LLC ("Pandora") (ECF No. 115) (together, the "Cross-Motions").

## PRELIMINARY STATEMENT

Reconsideration is appropriate here because liability turns on questions of law that a trial cannot resolve. There are also no factual issues for trial because the parties agree that there is no genuine dispute over the "actual functionality" of Pandora's streaming services.[1] In the one previous case addressing this provision of the Copyright Act, the Second Circuit explained that where "[t]he parties do not materially disagree on how [the service] works," and their "point of conflict centers on whether the [service] is 'interactive' as defined by the statute," the question is "clearly an issue of law and therefore strictly under the purview of the courts." *Arista Records LLC v. Launch Media, Inc.*, 578 F.3d 148, 152 (2d Cir. 2009) ("*LAUNCHcast*"). That is precisely the situation here. A trial would not resolve the questions of law, which would make attempted jury presentation and instruction complex and subject to appeal. To instruct the jury at all, the Court would first have to decide what the statutory and regulatory terms mean, and on undisputed facts that decision would resolve liability.[2] In *LAUNCHcast*, the jury instructions themselves

---

[1] As The MLC noted in its reply brief, Pandora does not dispute the accuracy of any of the product demonstration videos submitted by The MLC, which alone establish the factual basis for liability on multiple independently sufficient theories. (ECF No. 171 at 1, n.2.)

[2] With respect to even a statement to the jury that "there is no bright line marking the limits between an interactive service and a noninteractive service," the circuit court held that "[t]hese instructions may have misled the jury into believing that it was the jury's responsibility to determine the legal definition of interactive, a task far beyond the scope of its duty." *LAUNCHcast*, 578 F.3d at 151.

became a ground of appeal, which the circuit court did not reach only because it held that interactivity had been a question for the court all along, not the jury, and so decided the issue itself. *Id.* at 150-52.

Importantly, The MLC's three theories of liability as to Pandora Free are *independently sufficient* alternatives, any one of which establishes liability. The multiple independent theories increase, rather than decrease, the likelihood that the motion will be granted. And each independent basis rests on just a few facts whose substance Pandora does not dispute. (*See* Section I.B, *infra*.) The MLC's Statement of Undisputed Material Facts (ECF No. 118, the "SUMF") was built on the approach encouraged by the Court in *McLemore v. Gumucio*, and Pandora's liability is unambiguous given the undisputed facts.

The MLC recognizes the volume of the record cited in the Order, but the vast majority of that volume was support for the undisputed material facts set forth in the moving papers. The subsequent papers have established that there is no genuine dispute over the material facts, which makes most of that record unnecessary at this point. Resolution by the Court on the summary judgment record should be straightforward.

The MLC alternatively requests that the Court grant leave to the parties to file renewed cross-motions supported by no more than 250 pages of exhibits per party (along with the existing video evidence), or subject to any other limits the Court directs. The MLC makes this alternative request with confidence: because liability turns on questions of law, its case can be presented clearly on whatever record the Court allows. In further alternative to the requests for reconsideration or leave to refile, The MLC asks the Court to amend the Order to certify it for interlocutory appeal.

## ARGUMENT

### I. The Court Should Reconsider the Order and Decide the Summary Judgment Motion

#### A. Recognized Grounds for Reconsideration Apply Here

District courts have broad discretion to reconsider and modify interlocutory orders at any time before the entry of final judgment. *See Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 945-46 (6th Cir. 2004). This Court recognizes six grounds for reconsideration: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; (4) a need to prevent manifest injustice; (5) clear overlooking of material facts presented; or (6) clear overlooking of controlling law presented, where the result would be a different disposition. *O'Connor v. Lampo Grp., LLC*, No. 3:20-CV-00628, 2025 WL 1666571, at *1 (M.D. Tenn. June 12, 2025) (Richardson, J.).

In *O'Connor*, the Court granted reconsideration on the fourth and fifth grounds together, concluding that reconsideration was "necessary to prevent manifest injustice and because the Court overlooked facts." *Id.* at *4. Both of those grounds apply here as well. The Order overlooked that there is no factual dispute over "how the service works" and so liability turns on questions of law. Reconsideration is also necessary to prevent the manifest injustice of a trial that would impose substantial burdens on the parties, a jury, and the Court without resolving the legal questions on which liability depends. (*See* Section I.C, *infra*.)[3]

[3] Reconsideration is also warranted under the first ground, to correct an error of law. Rule 56(a) provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Order assumed these conditions—that the relevant facts are not genuinely disputed and that a party has "otherwise met their burden as summary judgment movants[.]" (Order at 6.) As discussed in Section III, *infra*, on those assumptions, Rule 56(a) directs that judgment be entered, and several courts of appeals have held that Rule 56's mandatory language leaves no discretion to require a trial once its standard is met.

## B. The Order Overlooked That Liability Turns On Questions of Law

The Order reviewed the volume of the Summary Judgment Motion and concluded that resolving the motion would require the Court to work through thousands of pages to determine whether many facts were genuinely disputed. (Order at 5-9.) As The MLC explained at the outset of its moving brief, "there are multiple independent grounds for liability, few facts are necessary to establish each ground, and none of the facts on any of the grounds are contested." (ECF No. 117 at 1.) What divides the parties is how the statute classifies the undisputed functionality of Pandora's services, a question of statutory interpretation that the parties have now fully briefed. (ECF No. 171 at 5-10.)

### 1. The SUMF Ties Each Independent Theory of Liability to the Single Fact or Few Facts on Which It Depends

The MLC moved for summary judgment on three independent theories that Pandora's ad-supported service is an "interactive service" under 17 U.S.C. § 114(j)(7), and on a separate theory as to Pandora Plus, a subscription service. (ECF No. 117 at 2-3.) The SUMF is organized around those theories of liability. For each, the SUMF sets out the few facts on which the theory rests and labels the other facts "CORROBORATIVE," explaining that "[e]ach ground is sufficient, and none independently is necessary," and that the corroborative facts are material but "are not necessary." (SUMF at 7 n.4.)[4]

That is the approach this Court has encouraged. In *McLemore v. Gumucio*, the Court explained that summary judgment movants "have every incentive to minimize, to the fullest possible (ethical) extent, in the Court's eyes, the number of material facts," and that a movant may be "prudent to instead posit a single issue of material fact" supported by evidence of underlying facts. No. 3:19-cv-00530, ECF No. 112 at 10, 11 n.10 (M.D. Tenn. June 11, 2021). The SUMF follows that guidance.

[4] Fifteen of the twenty-eight facts in the SUMF are expressly labeled corroborative, and each independently sufficient basis for liability rests only on a subset of the remaining thirteen facts, none of which are in genuine factual dispute.

The same structure answers the Order's concern that a motion requiring "so many different pillars of support" carries "an increased mathematical likelihood that one of the essential pillars is unsteady." (Order at 8.) The MLC's theories of liability are alternatives, not cumulative requirements, so no single theory is an essential pillar to any other theory.

2. The Volume of the Filings Reflects Submission Of Complete Exhibits Rather Than Only Excerpts

Of the pages cited by the Court, the significant majority were filed in the initial papers in support of the Summary Judgment Motion. (Order at 5-6.) That volume had two primary contributors. First, The MLC submitted complete versions of much of its documentary evidence, including lengthy SEC filings, investor communications, and internal corporate documents. The MLC did this to avoid any objection that it had selectively excerpted the documents. Second, The MLC presented thorough cases to support *each* independent theory of liability. But as The MLC noted at the outset, any one of the many categories of evidence it submitted "would be adequate to support summary judgment." (ECF No. 117 at 1.)

Liability as to both services turns on the functionality that each enables for its users. *See* 17 U.S.C. § 114(j)(7); 37 C.F.R. § 385.2 (definition of "Standalone Limited Offering"). That functionality is shown conclusively in any of the product demonstration videos that The MLC provided with the Summary Judgment Motion, and Pandora does not challenge the accuracy of the videos. (*See* ECF No. 107-1).[5] The volume that the Court recognized in the Order included The MLC's many other corroborative sources of evidence for these same straightforward facts in its moving papers, which again will not be necessary for the Court to review now that the remaining submissions have confirmed that the material facts are not genuinely disputed.

[5] Pandora also argued that the parties do not dispute how the service "actually functions." (ECF No. 147 at 3; *see also* ECF No. 119 at 3 (stating that the material facts involving "actual functionality" are "not genuinely in dispute").)

### C. <u>Proceeding to Trial Would Impose Substantial Burdens Without Resolving the Legal Questions on Which Liability Depends</u>

The Order's concern is the efficient use of judicial resources. (Order at 7-9.) In this case, a trial would not spare the Court the resources that the Cross-Motions require, and it would add unnecessary burdens of its own.

A trial would not avoid that the Court must decide the legal questions in the Summary Judgment Motion, on which liability depends. *See, e.g., Hildebrand v. Board of Trustees of Mich. State Univ*, 662 F.2d 439, 442 n.8 (6th Cir. 1981) (noting the "procedural nightmare" created when a jury is asked to decide questions that are fundamentally legal in nature). Before a jury could be instructed, the Court would have to determine what the statutory and regulatory terms mean, and would have to define them precisely enough that the jury is not left to supply the legal standard itself. *See id.*; *LAUNCHcast*, 578 F.3d at 151. Those are the exact questions the Cross-Motions present. Because there is no genuine dispute as to the functionality available on Pandora's services, the Court's answers would leave nothing for a jury to find, and the same questions the Cross-Motions present would return on motions for judgment as a matter of law (although only after substantial pre-trial practice, discussed below). *See* Fed. R. Civ. P. 50. Nor would a verdict settle them. Questions of statutory interpretation are decided de novo on appeal, as demonstrated by the fact that the Second Circuit decided interactivity itself in *LAUNCHcast*. 578 F.3d at 151-52; *see also Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003) (reversing jury verdict where the district court submitted to the jury a legal classification question as to whether correspondence was "legal mail").

Beyond that, a trial would add work that the Cross-Motions do not require to resolve liability. The Court would have to translate its legal rulings into jury instructions and a verdict form, with no pattern instructions to draw on. It would also have to resolve pretrial disputes over

expert testimony. The Order denied Pandora's motion to exclude The MLC's expert without prejudice to refiling before trial. (Order at 10.) The MLC has objected to Pandora's technical opinion testimony, offered through an employee whom Pandora did not designate as an expert and through an expert whose opinions Pandora disclosed only in rebuttal, and would move to exclude it. (*See* ECF No. 171 at 12-13, 17.) The Court would also have to rule on deposition designations and exhibit objections, and on how to present in open court the confidential business information that both parties have asked the Court to keep under seal. (*See* ECF Nos. 184, 186.) None of these disputes bear on how Pandora's services work, and none would arise if the Cross-Motions were decided.

A trial would thus require the same legal rulings the Cross-Motions call for, plus the full cost of a trial to the parties, a jury, and the Court. Reconsideration is warranted to avoid that result. *See Ackerman v. Diamond Shamrock Corp.*, 670 F.2d 66, 69 (6th Cir. 1982) ("[T]he moving party has the right to judgment without the expense of a trial when there are no issues of fact left for the trier of fact to determine.").

## II. Alternatively, the Court Should Grant the Parties Leave to File Renewed Cross-Motions With Substantially Limited Total Page Counts

The Court has broad discretion to permit renewed summary judgment motions. *Seal v. Morgan*, 229 F.3d 567, 580 (6th Cir. 2000); *Lexicon, Inc. v. Safeco Ins. Co. of Am.*, 436 F.3d 662, 670 n.6 (6th Cir. 2006); *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 835 (6th Cir. 2000) (concurring opinion). Because an order denying summary judgment is interlocutory, it "may be revised in the district court's discretion until final judgment." *Nat'l Waste Assocs., LLC v. Lifeway Christian Res. of S. Baptist Convention*, 637 F. Supp. 3d 514, 516 (M.D. Tenn. 2022) (citation and quotation marks omitted).

If the Court is not inclined to decide the Cross-Motions on the existing record, The MLC requests that both parties be permitted to file renewed cross-motions within 21 days, supported by no more than 250 pages of exhibits per party, consisting of excerpts on which the parties rely, or subject to such other limits as the Court directs.[6] The MLC's renewed motion would rest on the same independent theories, each tied explicitly to its respective undisputed facts. Applying the same limits to both parties would allow the Court to decide the renewed motions together. (Order at 9.) Excerpting the exhibits would also reduce the number of documents the Court must consult, which bears directly on the Court's concern with piecemeal review. (Order at 10.)

## III. **In the Further Alternative, the Court Should Amend the Order to Certify It for Interlocutory Appeal**

A district court may certify an order for interlocutory appeal where it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). *See also In re Trump*, 874 F.3d 948, 950-51 (6th Cir. 2017). The Order raises precisely such questions.

*Controlling question of law.* The controlling question is whether a district court may deny a motion for summary judgment based on the volume of the parties' submissions, without determining whether a genuine dispute of material fact exists, or even assuming that the movant has carried its burden. (*See* Order at 6.) The question is one of law: it concerns the meaning of Rule 56(a)'s directive that the court "shall grant summary judgment" when its standard is met.

[6] The MLC recognizes the Court's concern with the presentation of the evidence. In addition to compliance with limits on length or structure that the Court sets for a renewed submission, it can assist the Court with any submission format that may be useful, such as e-brief versions of memoranda and declarations which include hyperlinks directly to pin-cited portions of the record.

Fed. R. Civ. P. 56(a). And it is controlling, because its answer determines whether liability is resolved on the Cross-Motions or at trial.

*Substantial ground for difference of opinion.* There is likewise substantial ground for difference of opinion. The Sixth Circuit has found this requirement met where, among other circumstances, a question is difficult and of first impression, or the circuits are split.[7] These circumstances are present. The Order rests on declining to undertake a Rule 56 inquiry because of the volume of the parties' submissions. (Order at 5-9.) The district court decisions cited in the Order do not establish such an approach, as, in all but one, the court reviewed the record presented and found factual disputes preventing the entry of summary judgment or a failure by the movant to carry its evidentiary burden. *See Rago v. Select Comfort Retail Corp.*, No. EDCV19-2291FMOSPX, 2021 WL 5861555, at *2 (C.D. Cal. June 2, 2021); *Gott v. Neuman & Esser USA, Inc.*, No. 1:19-CV-4, 2019 WL 11271173, at *2 (E.D. Tenn. Apr. 25, 2019); *Local Union No. 4343 of United Mine Workers of Am. v. Old Ben Coal Co.*, 762 F. Supp. 251, 253-55 (S.D. Ind. 1991); *Propps v. 9008 Grp., Inc.*, No. 03-71166, 2006 WL 2124242, at *1 (E.D. Mich. July 27, 2006). The remaining case, *Rocky Brands, Inc. v. Red Wing Shoe Co.*, No. 2:06-CV-00275, 2009 WL 10679648, at *1 (S.D. Ohio Feb. 11, 2009), relied on language in Rule 56 that has since been amended.[8]

---

[7] The Sixth Circuit interprets this prong to include situations where "(1) the question is difficult or novel and there is little precedent on the issue, or the correct decision is not substantially guided by prior decisions; (2) the question is difficult and one of first impression; (3) there is a difference of opinion among the district courts within the controlling circuit; or (4) there is a circuit split on the issue." *In re Trivest Partners LP*, No. 24-0102, 2025 WL 4945280, at *1 (6th Cir. Mar. 21, 2025).

[8] *Rocky Brands* relied on the 2007 version of Rule 56, under which the judgment sought "should be rendered" if the standard was met. 2009 WL 10679648, at *1. In 2010, "shall" was "restored to express the direction to grant summary judgment." Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment.

The Sixth Circuit has not resolved these questions concerning authority to deny summary judgment without genuine disputes of material fact, or due to volume of submissions, and the other circuits are divided on whether a district court may deny summary judgment even when the movant has shown that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law. *Compare United States v. Certain Real & Pers. Prop. Belonging to Hayes*, 943 F.2d 1292, 1297 (11th Cir. 1991) (court may deny "even a well-supported motion for summary judgment, if it believes the case would benefit from a full hearing"), *and Veillon v. Expl. Servs., Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989), *with Matter of York*, 78 F.4th 1074, 1088-89 (9th Cir. 2023) ("Given Rule 56's mandatory language, if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law, the court lacks 'discretion' to insist that, in defiance of Rule 56, a trial will be held anyway."), *Bank of Ill. v. Allied Signal Safety Restraint Sys.*, 75 F.3d 1162, 1168 (7th Cir. 1996) ("Summary judgment is not a remedy to be exercised at the court's option; it must be granted when there is no genuine disputed issue over a material fact."), *McLee v. Chrysler Corp.*, 38 F.3d 67, 68-69 (2d Cir. 1994), *and In re Sch. Asbestos Litig.*, 977 F.2d 764, 793 (3d Cir. 1992). The Advisory Committee has likewise recognized that the case law is divided on "whether a district court has discretion to deny summary judgment when there appears to be no genuine dispute as to any material fact." Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment (*comparing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), *with Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

*Material advancement.* If the Sixth Circuit holds that the Court must determine whether a genuine dispute of material fact exists, the Cross-Motions can be decided without a trial, and because the parties agree that the material facts are undisputed, that decision is likely to resolve liability. *See In re Trump*, 874 F.3d at 952 (material advancement standard satisfied where

resolution of controlling legal question may be case-determinative). The question is narrow and purely legal, and it can be decided without review of the factual record. Questions about the scope of a district court's discretion under the Federal Rules are appropriate for interlocutory review. *See, e.g.*, *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 399-401 (2d Cir. 2019) (deciding, on appeal certified under § 1292(b), whether Rule 68 leaves district courts discretion to do anything other than enter judgment once an offer disposing of an FLSA claim has been accepted).

## CONCLUSION

For the foregoing reasons, The MLC respectfully requests that the Court reconsider its Order and grant the Summary Judgment Motion. In the alternative, The MLC requests that the Court grant the parties leave to file renewed motions for summary judgment within 21 days, supported by no more than 250 pages of exhibits per party (along with the existing video evidence) or subject to such other limits as the Court directs. In the further alternative, The MLC requests that the Court amend the Order to state that it involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation.

Dated: New York, New York
October 14, 2026

**PRYOR CASHMAN LLP**

*/s/ Benjamin K. Semel*
Benjamin K. Semel (admitted *pro hac vice*)
M. Mona Simonian (admitted *pro hac vice*)
Joshua Weigensberg (N.Y. Bar No. 4894929)
Erik F. Bakke (admitted *pro hac vice*)
7 Times Square
New York, New York 10036
Phone: (212) 326-0181
Fax: (212) 798-6326
bsemel@pryorcashman.com
msimonian@pryorcashman.com

jweigensberg@pryorcashman.com
ebakke@pryorcashman.com

*/s/ Elizabeth O. Gonser*
Elizabeth O. Gonser (TN Bar No. 026329)
**RILEY & JACOBSON PLC**
1906 West End Ave.
Nashville, TN 37203
P: (615) 320-3738
egonser@rjfirm.com

*Attorneys For Plaintiff*
*Mechanical Licensing Collective*

**CERTIFICATE OF CONFERENCE OF COUNSEL**

**I HEREBY CERTIFY** that, pursuant to Local Rule 7.01, counsel for The MLC met and conferred with counsel for Pandora regarding this Motion. Pandora stated that it opposes the MLC's request that the Court grant summary judgment in the MLC's favor upon reconsideration, but Pandora does not oppose the requests for reconsideration or leave to file renewed, streamlined summary-judgment motions, provided that any reconsideration encompasses both parties' summary-judgment motions and any opportunity to renew is afforded to both parties on equal terms. Pandora takes no position on the MLC's alternative request for certification of the September 30 Order under 28 U.S.C. § 1292(b). Pandora intends to file a short response addressing each aspect of this motion after reviewing it.

This 14th day of October, 2026.

*/s/ Elizabeth O. Gonser*
Elizabeth O. Gonser

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and exact copy of the foregoing document has been filed with the Clerk of Court using the CM/ECF system, which sent notice of such filing to the parties' counsel of record.

This 14th day of October, 2026.

*/s/ Elizabeth O. Gonser*
Elizabeth O. Gonser