IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MECHANICAL LICENSING COLLECTIVE,<br><br>Plaintiff,<br><br>v.<br><br>PANDORA MEDIA, LLC,<br><br>Defendant. | Civil Action No. 3:24-cv-00168<br><br>Judge Eli J. Richardson |

**PANDORA MEDIA, LLC'S RESPONSE TO THE MECHANICAL LICENSING COLLECTIVE'S MOTION FOR RECONSIDERATION**

Defendant Pandora Media, LLC ("Pandora") respectfully submits this response to the Mechanical Licensing Collective's ("MLC") Motion for Reconsideration or, in the Alternative, Leave to File Renewed Cross-Motions for Summary Judgment or Certification of an Interlocutory Appeal. Dkt. 192 ("Motion for Reconsideration"). As reflected in the MLC's Motion, Pandora does not oppose reconsideration or permission to file renewed, streamlined summary judgment motions, provided that any such relief extends to both parties on equal terms. *Id.* at 2. Pandora opposes the MLC's request that summary judgment be granted in the MLC's favor upon reconsideration and takes no position on the MLC's alternative request for interlocutory certification.

**BACKGROUND**

On September 30, 2026, the Court entered an Order denying the parties' cross motions for summary judgment, Dkt. Nos. 103, 115 (the "Motions for Summary Judgment"). *See* Dkt. 189 (the "Order"). The Court did not reach the merits of either Motion for Summary Judgment.

Observing that the parties had filed approximately 7,305 pages across 263 documents, the Court concluded that "it would be more efficient to deal with all contested issues and examine the fulsome factual record at trial rather than expending the (very substantial) judicial resources necessary to dispose of the Motions." *Id.* at 5–6.

On October 14, 2026, the MLC moved for reconsideration of the Order under Federal Rule of Civil Procedure 54(b). Dkt. Nos. 192, 193. The Motion for Reconsideration seeks three alternative forms of relief: (1) reconsideration of the Order and, upon reconsideration, entry of summary judgment on liability in the MLC's favor; (2) in the alternative, leave for both parties to file renewed cross-motions for summary judgment within 21 days, supported by no more than 250 pages of exhibits per party or subject to other limits the Court may direct; and (3) in the further alternative, amendment of the Order to certify it for interlocutory appeal under 28 U.S.C. § 1292(b). Dkt. 193 at 2, 11.

## ARGUMENT

### I. Any Reconsideration Should Encompass Both Parties' Motions for Summary Judgment

As noted in the MLC's Motion for Reconsideration (at 2), Pandora does not oppose the MLC's request that the Court reconsider the Order, provided that the Court also reconsiders the denial of Pandora's motion for summary judgment. As the Court has recognized, the parties' competing requests for summary judgment should be considered together rather than in isolation. *See* Order at 9. In denying the cross-motions, the Court noted that Pandora had filed "a more modest number of pages" in support of its motion but declined to decide Pandora's motion in isolation from the MLC's because the Court had "determined that proceeding toward trial is more appropriate than considering one of the instant Motions but not the other." *Id.* Other courts have held in similar circumstances that it is appropriate to reconsider both parties' motions

for summary judgment. *Cf. Sumner v. McCall*, 103 F. Supp. 2d 555, 561 (N.D.N.Y. 2000) (sua sponte reinstating intervenor-defendants' previously denied summary-judgment motion for the same reasons supporting reconsideration of plaintiffs' motions—an anticipated change in controlling law—based on "the interests of justice").

Pandora opposes the MLC's request that the Court grant the MLC's motion for summary judgment should the Court reconsider. The MLC again contends that the functionality of Pandora's service offerings establishes liability, Dkt. 193 at 1, 5, but it does not, for the reasons explained in Pandora's prior summary judgment submissions. *See* Dkt. Nos. 127, 151, 170. Pandora's non-opposition to reconsideration does not concede the MLC's characterization of the record or withdraw any of Pandora's previously asserted arguments or evidentiary objections to the MLC's summary judgment motion. Should the Court reach the merits of these issues upon reconsideration, Pandora respectfully requests that the Court deny the MLC's motion and grant Pandora's motion for the reasons set forth in Pandora's prior briefing. *See* Dkt. Nos. 127, 151, 170.

## II. Any Opportunity to File Renewed Motions Should Be Afforded to Both Parties on Equal Terms

Pandora similarly does not oppose the MLC's alternative request to permit both parties to file renewed cross-motions for summary judgment within 21 days, supported by no more than 250 pages of exhibits per party (along with the existing video evidence), or subject to such other limits as the Court may direct. Motion for Reconsideration at 1. If the Court grants such relief, Pandora respectfully requests an equal opportunity to renew its summary judgment motion and respond to the MLC's renewed summary judgment motion, subject to the same schedule and briefing limits.

## III. Pandora Takes No Position on the Request for Interlocutory Certification

Pandora takes no position on the MLC's alternative request to certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b).

**CONCLUSION**

For the foregoing reasons, Pandora respectfully requests that any reconsideration or leave to renew extend to both parties on equal terms. Should the Court reach the merits upon reconsideration, Pandora requests that the Court deny the MLC's motion for summary judgment and grant Pandora's motion.

Dated: October 28, 2026

Respectfully Submitted,

/s/ *Benajmin E. Marks*

**WEIL, GOTSHAL & MANGES LLP**

Benjamin E. Marks (admitted *pro hac vice*)
Todd Larson (admitted *pro hac vice*)
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Benjamin.Marks@weil.com
Todd.Larson@weil.com

Crystal L. Weeks (admitted *pro hac vice*)
Sebastian Laguna (admitted *pro hac vice*)
2001 M Street, NW, Suite 600
Washington, DC 20036
Phone: (202) 682-7516
Fax: (202) 857-0940
Crystal.Weeks@weil.com
Sebastian.Laguna@weil.com

**SHERRARD ROE VOIGT & HARBISON, PLC**

Michael G. Abelow (No. 26710)
Micah N. Bradley (No. 38402)
1600 West End Ave., Suite 1750
Nashville, TN 37203

Tel: (615) 742-4532
Fax: (615) 742-4539
mabelow@srvhlaw.com
mbradley@srvhlaw.com

*Counsel for Defendant Pandora Media, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2026, the foregoing **Response to the Mechanical Licensing Collective's Motion for Reconsideration** was filed with the Court's electronic filing system, which will serve a copy on all counsel of record.

Dated: October 28, 2026

/s/ *Benjamin E. Marks*

Benjamin E. Marks