IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MECHANICAL LICENSING COLLECTIVE,<br><br>Plaintiff,<br><br>v.<br><br>PANDORA MEDIA, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 3:24-CV-00168<br><br>JUDGE RICHARDSON |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the "Motion for Reconsideration or, in the Alternative, Leave to File Renewed Cross-Motions for Summary Judgment or Certification of an Interlocutory Appeal" (Doc. No. 192, "Motion") filed by Plaintiff, Mechanical Licensing Collective ("Plaintiff"). Accompanying the Motion is a memorandum of law (Doc. No. 193, "Memorandum") in support of Plaintiff's Motion. Defendant, Pandora Media, LLC ("Defendant") has filed a response (Doc. No. 194, "Response"), whereby Defendant clarifies its position(s) with respect to Plaintiff's various requests. For the reasons stated herein, the Motion is granted in part and denied in part.

BACKGROUND

The Court will summarize the present action no more than is necessary for the narrow purposes of this Memorandum Opinion and Order. This case arises from events set out in the single-count complaint (Doc. No. 1, "Complaint") concerning allegedly "[u]npaid [s]tatutory [l]icense [r]oyalties and [l]ate [f]ees" in violation of 17 U.S.C. § 115, a provision of the Copyright Act. (Doc. No. 1 at 17-18). Plaintiff filed a motion for summary judgment (Doc. No. 103), whereby

it contended that it is entitled to summary judgment "with respect to the liability of Defendant . . . on the cause of action in the Complaint." (Doc. No. 103 at 1). "Plaintiff also [sought] dismissal of Defendant's affirmative defenses of equitable estoppel and waiver" via Plaintiff's motion for summary judgment. (Doc. No. 103 at 1 n.1). Defendant also filed a motion for summary judgment (Doc. No. 115), whereby it contended that it is "entitled to summary judgment on [Plaintiff's] sole claim of underpaid royalties and late fees." (Doc. No. 115 at 1).[1] Each party filed both a variety of documents in support of its motion for summary judgment and a variety of documents in opposition to the other party's motion for summary judgment. (*See* Doc. No. 189 at 1-2 & nn.1-2).

On September 30, 2026, the Court issued an order (Doc. No. 189, "Order") denying the parties' motions for summary judgment. In its Order, the Court noted that although "[o]rdinarily, when considering a motion for summary judgment, . . . the Court would begin its analysis by reviewing those material facts not in genuine dispute and then turn to considering the parties' arguments on the motions for summary judgment, specifically analyzing whether the movant has met its burden to show that there is no genuine issue as to any material fact and considering whether the movant is entitled to judgment as a matter of law," the Court instead exercised its discretion to eschew that approach and deny the motions for summary judgment. (Doc. No. 189 at 5).

The Court noted that it exercised its discretion in this regard in light of "the corpulent nature of the parties' cumulative filings concerning the [motions for summary judgment]" and the Court's subsequent finding "that it would be more efficient to deal with all contested issues and examine the fulsome factual record at trial rather than expending the (very substantial) judicial resources

[1] Herein, the Court collectively refers to Plaintiff's motion for summary judgment at Docket No. 103 and Defendant's motion for summary judgment at Docket No. 115 as the parties' "motions for summary judgment."

necessary to dispose of the [motions of summary judgment]." (Doc. No. 189 at 5). As the Court explained, it discerned that "approximately 7,305 pages were filed in total by the two parties concerning the [motions for summary judgment], corresponding to approximately 263 total documents." (Doc. No. 189 at 5). "Specifically, the Court discern[ed] that (i) Plaintiff filed 6,361 pages in support of its [motion for summary judgment] and 176 pages in opposition to Defendant's [motion for summary judgment], and (ii) Defendant filed 675 pages in support of its [motion for summary judgment] and 93 pages in opposition to Plaintiff's [motion for summary judgment]." (Doc. No. 189 at 5-6) (footnotes omitted).[2] The Court observed that to resolve the motions for summary judgment "(with the attention they deserve) on the merits might well require more judicial resources than for this case to go to trial" and therefore concluded that it was "an appropriate exercise of the Court's discretion to deny the [motions for summary judgment] and manage the case by deciding to deal with all contested issues and examine the fulsome factual record at trial." (Doc. No. 189 at 6-7).[3]

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 54(b)

Plaintiff has filed the instant Motion pursuant to Federal Rule of Civil Procedure 54(b), which provides that any order that adjudicates fewer than all claims or the rights and liabilities of fewer than all parties "may be revised at any time before the entry of judgment adjudicating all the

[2] The Court noted that these calculations accounted for "filings of all kinds, although the great majority of the 263 documents [were] exhibits to some kind of filing (a memorandum, a declaration, an expert's report, etc.)." (Doc. No. 189 at 5 n.5). The Court further noted that it "undertook a careful effort to calculate the numbers included [in its Order] with maximal accuracy" and "endeavored to avoid double-counting of any kind, such as double-counting that would result from counting both a redacted and an unredacted version of the same document." (Doc. No. 189 at 5 n.5).

[3] The Court also denied as moot the then-pending "*Daubert* Motion to Exclude Testimony of Robin Flynn" (Doc. No. 134) filed by Defendant, "without prejudice to refile as part of any motion in limine or other pretrial motion as trial approaches." (Doc. No. 189 at 10).

claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Although the Federal Rules do not explicitly permit motions to reconsider interlocutory orders, Rule 54(b) gives district courts broad discretion to revise interlocutory orders under certain circumstances. *See Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). "This authority allows district courts 'to afford such relief from [interlocutory orders] as justice requires.'" *Id.* (quoting *Citibank N.A. v. Fed. Deposit Ins. Corp.*, 857 F. Supp. 976, 981 (D.D.C. 1994)). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)). "But this Court historically has also recognized that such a motion may be based" on what are essentially two other grounds: "that the court clearly overlooked material facts . . . that were presented by the movant in its prior motion and that would result in a different disposition," or "that the court clearly overlooked controlling law that was presented by the movant in its prior motion and that would result in a different disposition." *O'Connor v. Lampo Group, LLC*, No. 3:20-CV-00628, 2025 WL 1666571, at *1 (M.D. Tenn. June 12, 2025) (Richardson, J.).

"This standard vests significant discretion in district courts." *Ratcliffe v. Food Lion, LLC*, No. 3:18-CV-01177, 2019 WL 6242302, at *1 (M.D. Tenn. Nov. 20, 2019) (Richardson, J.) (citing *Kerns v. Caterpillar Inc.*, 144 F. Supp. 3d 963, 967 (M.D. Tenn. 2015)). "The Court must determine, within its discretion, 'whether reconsideration is necessary under the relevant circumstances.'" *Doe v. Byrd*, No. 1:18-CV-00084, 2019 WL 13546234, at *5 (M.D. Tenn. Dec. 17, 2019) (Richardson, J.) (quoting *In Defense of Animals v. Nat'l Institutes of Health*, 543 F. Supp. 3d 70, 75 (D.D.C. 2008)). Notably, "[t]he burden is on the moving party to show that reconsideration is appropriate and that harm or injustice would result if reconsideration were

denied." *Id.* (citing *Said v. Nat'l R.R. Passenger Corp.*, 390 F. Supp. 3d 46, 50 (D.D.C. 2019), *aff'd*, 815 F. App'x 561 (D.C. Cir. 2020)). Importantly, "[m]otions for reconsideration are not vehicles for either reasserting arguments previously raised and rejected by the court or presenting arguments that should have been raised previously with the court." *Ratcliffe*, 2019 WL 6242302, at *1 (citing *Said*, 390 F. Supp. 3d at 50-51).

## II. 28 U.S.C. § 1292(b)

Plaintiff's Motion also includes an alternative request for the Court to certify its Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). That statute provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order[.]

28 U.S.C. § 1292(b). Interlocutory appeals "should be sparingly granted and then only in exceptional cases" and should not be granted for mere "collateral" issues. *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993); *accord In re City of Memphis*, 293 F.3d 345, 349 (6th Cir. 2002). "The party seeking an interlocutory appeal has the burden of showing exceptional circumstances exist warranting an interlocutory appeal." *Gieringer v. Cincinnati Ins. Cos.*, No. 3:08-CV-267, 2010 WL 2572054, at *2 (E.D. Tenn. June 18, 2010). "[D]istrict court judges have broad discretion to deny certification even where the statutory criteria are met." *Wang v. Gen. Motors, LLC*, No. CV 18-10347, 2019 WL 1950185, at *1 (E.D. Mich. May 2, 2019) (quoting *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370 (S.D.N.Y. 2008)). This is because, in enacting 28 U.S.C. § 1292(b), "'Congress [] chose to confer on district courts first line discretion to allow interlocutory appeals.'" *Turi v. Main St. Adoption Servs., LLP*, 633 F.3d 496,

504 (6th Cir. 2011) (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995)), *abrogated on other grounds by Henry Schein, Inc. v. Archer and White Sales, Inc.*, 586 U.S. 63 (2019).

## DISCUSSION

Via the instant Motion, Plaintiff requests, pursuant to Federal Rule of Civil Procedure 54(b), that the Court reconsider its Order denying the motions for summary judgment. (Doc. No. 192 at 1). Plaintiff further requests that the Court grant Plaintiff's motion for summary judgment "upon reconsideration." (Doc. No. 192 at 1). Plaintiff requests "[i]n the alternative" that the Court "grant[] the parties leave to file, within 21 days, renewed cross-motions for summary judgment, with supporting exhibits limited to 250 pages per party (along with the existing video evidence), or subject to such other limits as the Court may direct." (Doc. No. 192 at 1). Plaintiff requests "[i]n the further alternative" that the Court "amend[] the Order to state that it involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation, as provided in 28 U.S.C. § 1292(b)." (Doc. No. 192 at 1).

In its Response, Defendant represents that it "does not oppose reconsideration," but "opposes [Plaintiff's] request that summary judgment be granted in [Plaintiff's] favor upon reconsideration." (Doc. No. 194 at 1). Defendant further states that it does not oppose Plaintiff's alternative request for "permission to file renewed, streamlined summary judgment motions, provided that any such relief extends to both parties on equal terms" and that it "takes no position on [Plaintiff's other] alternative request for interlocutory certification." (Doc. No. 194 at 1).

Below, the Court addresses each of the requests that Plaintiff makes via the Motion, beginning with its primary request, namely, the request for reconsideration pursuant to Federal Rule of Civil Procedure 54(b).

## I. Request for Reconsideration

Plaintiff asserts that the Court should grant reconsideration on the grounds that reconsideration is "necessary to prevent manifest injustice and because the Court overlooked facts." (Doc. No. 193 at 8 (internal quotation omitted)). These grounds are inherently related because "[t]o grant relief based on manifest injustice, the Court must have erred." *Maisano v. Sterling Heights Dodge, Inc.*, No. 2:18-CV-10702, 2022 WL 446741, at *6 (E.D. Mich. Feb. 14, 2022) ("A '[m]anifest injustice' is '[a] direct, obvious and observable error in trial court.'" (citing Black's Law Dictionary (11th ed. 2019))); *see also, e.g.*, *Shelbyville Hosp. Corp. v. Mosley*, No. 4:13-CV-88, 2017 WL 2275002, at *3 (E.D. Tenn. May 24, 2017) ("Several courts interpret the phrase 'manifest injustice' to mean an error that is 'direct, obvious, and observable. . . . apparent to the point of being indisputable." (quoting *Block v. Meharry Med. Coll.*, No. 3:15-CV-00204, 2017 WL 1364717, at *1 (M.D. Tenn. Apr. 14, 2017))). Accordingly, the Court must first evaluate the nature of the error that Plaintiff claims the Court made, and then consider whether the gravity of that (purported) error rises to the level of "manifest injustice."

Plaintiff contends that the Court erred through its "clear overlooking of material facts presented." (Doc. No. 193 at 8). Specifically, Plaintiff argues that the Court "overlooked that there is no factual dispute over 'how [Defendant's streaming] service works' and so liability turns on questions of law." (Doc. No. 193 at 8).

As an initial matter, the Court is highly skeptical that Plaintiff's asserted legal conclusions that "[t]here are [] no factual issues for trial" and that (as a result of that purported lack of factual issues) "liability turns on questions of law that a trial cannot resolve" constitute "material facts" within the context of a motion for reconsideration pursuant to Rule 54(b). (Doc. No. 193 at 6). If anything, these "material facts" just sound like a restatement of the legal standard for a motion for

summary judgment under Rule 56(a)—i.e., "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Accordingly, the Court discerns that Plaintiff essentially argues that the Court erred by overlooking the "material fact" that Plaintiff was, in Plaintiff's view, entitled to summary judgment.

There are several problems with this argument. First, the Court did not resolve Plaintiff's (or Defendant's) motion for summary judgment on the merits. Instead, it expressly declined to "specifically analyz[e] whether [each] movant [] met its burden to show that there is no genuine issue as to any material fact and consider[] whether [each] movant is entitled to judgment as a matter of law," having found that conducting such analysis would require the Court to expend an inordinate amount of its substantially limited judicial resources in light of "the huge volume of filings on Plaintiff's side, and the large volume of filings on Defendant's side." (Doc. No. 189 at 5, 8).[4] Thus, even if the Court were to accept for purposes of the instant Motion that Plaintiff (purportedly) having met its burden as a summary-judgment movant is a "material fact," it is incongruous to say that the Court erred by overlooking that fact because the Court's decision to deny summary judgment was plainly based on a rationale under which there was no reason for the Court to be looking at this alleged material fact in the first place.

A hypothetical illustrates how illogical Plaintiff's argument is here. Imagine a case (a very straightforward one) in which a plaintiff had not filed *any* statement of undisputed material facts in support of its motion for summary judgment, in violation of this Court's Local Rule 56.01.

---

[4] Moreover, the Court found that such an expenditure of judicial resources would be difficult to justify as an effort to resolve this matter, in that the volume of the parties' filings "undermine[d] any confidence" that either of the motions for summary judgment would be granted. (Doc. No. 189 at 8 ("[T]o put it differently, if a party has to file thousands of pages and hundreds of documents to explain why there is nothing for a jury to decide—i.e., to explain that, in today's parlance, 'there's nothing to see here'—then the volume suggests that there is indeed something for the jury to see, i.e., lots of evidence that must be evaluated to make findings regarding the material facts.")).

Imagine further that the plaintiff's *briefing* nevertheless established (with cogent legal briefing and adequate citation to materials of record) that the plaintiff was in fact entitled to judgment as a matter of law (even when considered in light of the defendant's briefing in opposition to that motion). Surely not even Plaintiff would contend that under these circumstances, the Court would be precluded from denying the motion for failure to follow the local rules on the grounds that if the Court *were* to overlook that violation and decide the motion on the merits, it would grant the motion. Why not? Because the motion can properly be denied for materially violating the Local Rules. That is analogous to what happened here; Plaintiff's motion for summary judgment was denied due to (among other things) the inappropriate volume of Plaintiff's filings, and this denial is proper even if the motion would have been found meritorious had it been considered.

Second, and relatedly, even if the Court were to accept that it did in fact err by overlooking a "material fact" in the manner that Plaintiff asserts, it could not be said that such an error "would result in a different disposition." *O'Connor*, 2025 WL 1666571, at *1. As noted above, the Court exercised its discretion to deny the motions for summary judgment as a matter of case management. (Doc. No. 189 at 6). Further, the Court noted that "even assuming . . . the parties ha[d] demonstrated that all of the (purportedly) material facts in their respective Statements of Fact are not in genuine dispute; and [] that one or the other of the parties [] otherwise met their burden as summary judgment movants," it would be an appropriate exercise of the Court's discretion to deny the motions for summary judgment and manage the case in the manner the Court did. (Doc. No. 189 at 6). Thus, even if the Court had somehow done what it expressly declined to do[5] and

[5] Implicit in Plaintiff's Motion and related argumentation is the suggestion that the Court did not really need to review the over 7,000 pages of documents that the parties (and primarily Plaintiff) filed in connection with their motions for summary judgment because (i) those documents were simply "complete versions . . . of [] documentary evidence" (i.e., not "selective[] excerpt[s]" of the relevant portions of those documents), and (ii) only a limited number of those documents "would be adequate to support summary judgment." (Doc. No. 193 at 10 (internal quotation omitted)). But Plaintiff fails to explain how the Court

accepted the "material fact" that Plaintiff was entitled to summary judgment, the outcome would have been the same. In other words, the Court's decision was based on major and appropriate efficiency concerns raised by "the corpulent nature of the parties' cumulative filings"—not on whether the Court accepted (or did not accept) that Plaintiff may have met its summary-judgment burden. (Doc. No. 189 at 5-6).

For these reasons, the Court cannot accept Plaintiff's arguments regarding the asserted error (i.e., the asserted error of overlooking material facts that would result in a different disposition). Nor can it accept Plaintiff's arguments about "manifest injustice," as "[t]o grant relief based on manifest injustice, the Court must have erred."[6] *Maisano*, 2022 WL 446741, at *6. Therefore, the Motion is denied with respect to Plaintiff's request for reconsideration.[7]

---

could have determined that reviewing all 7,000 pages was unnecessary without first reviewing all 7,000 pages. Nor could the Court just assume at the outset that reviewing all documents in the record would be unnecessary based on a party's assertion to that effect in its briefing in support of its motion for summary judgment, which is what Plaintiff seems to suggest the Court should have done. (*Cf.* Doc. No. 189 at 9-10 (noting that the Court presumes each document the parties file has been "filed under the rationale that it requires discrete review by the Court")).

[6] To the extent that Plaintiff claims "manifest injustice" for the independent reason that a trial would be "complex" and "impose substantial burdens on the parties, a jury, and the Court without resolving the legal questions on which liability depends," the Court is unconvinced. (Doc. No. 193 at 6-8, 11-12). Plaintiff's argument in this regard essentially amounts to the assertion that "manifest injustice" occurs anytime a court denies a dispositive motion on the grounds that the motion is technically or procedurally deficient, as that denial will necessarily result in the litigation proceeding (which is, by its nature, "cost[ly]" for the parties, the court, and possibly even a jury). (*See* Doc. No. 193 at 11-12). The Court is unwilling to accept that argument, notwithstanding the Court's finding that there was no error here (which, as noted above, already precludes a finding of manifest injustice). In any event, because the Court herein grants Plaintiff's alternative request for an order granting the parties leave to refile their motions for summary judgment, the Court finds that any arguments regarding future injustice are moot.

[7] Plaintiff also asserts in a footnote that "[r]econsideration is also warranted . . . to correct an error of law." (Doc. No. 193 at 8 n.3). Specifically, Plaintiff argues that the Court committed an error of law when it denied the motions for summary judgment even though it "assumed . . . that the relevant facts [were] not genuinely disputed and that a party ha[d] 'otherwise met their burden as summary judgment movants.'" (Doc. No. 193 at 8 n.3 (quoting Doc. No. 189 at 6)). There are several problems with this argument as well.

First, Plaintiff reads too much into the Court's statement in this regard, suggesting that the Court's language about "assuming" a party "met their burden as summary judgment movants" means the Court must have found that a party had in fact met their burden. (Doc. No. 189 at 6). However, the Court was clear that it did not conduct the analysis that would have been necessary to make that determination as an

## II. Request for Leave to Refile

Plaintiff requests in the alternative that "both parties be permitted to file renewed cross-motions [for summary judgment] within 21 days, supported by no more than 250 pages of exhibits per party, consisting of excerpts on which the parties rely, or subject to such other limits as the Court directs." (Doc. No. 193 at 13). In Defendant's Response, Defendant states that it does not oppose Plaintiff's alternative request for "permission to file renewed, streamlined summary judgment motions, provided that any such relief extends to both parties on equal terms." (Doc. No. 194 at 1). While it is not lost on the Court that despite filing a total of "approximately 7,305 pages . . . corresponding to approximately 263 total documents" in support of their previous motions for summary judgment, (Doc. No. 189 at 5), the parties (namely, Plaintiff) now assert "with confidence" that streamlined motions for summary judgment can nevertheless "present[]" their arguments "clearly" with "[s]ubstantially [l]imited [t]otal [p]age [c]ounts," (Doc. No. 193 at

---

initial matter, (Doc. No. 189 at 5 (describing how the Court "[o]rdinarily" evaluates a motion for summary judgment before stating that "the Court will eschew that approach here")), and the Court included the observation beginning with "even assuming" to further clarify that the Court had *not* made that determination prior to its decision to deny the motions for summary judgment (i.e., that the Court's decision did not turn on the merits of either party's motion for summary judgment and should not be read to include a finding that either party did or did not meet their burden as summary judgment movants). In other words, the language in the Court's Order serves to prevent a reader from incorrectly concluding that the Court found that either party succeeded in meeting (or failed to meet) its burden, but Plaintiff reads the language in the opposite (and equally incorrect) way.

Second, Plaintiff has failed to establish that its asserted error of law was "clear." *O'Connor*, 2025 WL 1666571, at *1. Indeed, as discussed below within the context of Plaintiff's alternative request for interlocutory certification, Plaintiff has failed to establish that there is substantial ground for difference of opinion regarding this purported question of law (for purposes of 28 U.S.C. § 1292(b)), much less a "clear error" in need of correction (for purposes of Plaintiff's primary request for reconsideration).

Ultimately, regardless of whether it presents its arguments under the standard for an "error of law" or for an error of "overlooking a material fact," Plaintiff essentially argues that the Court erred because it did not grant Plaintiff's motion for summary judgment. However, that a party did not achieve its preferred outcome in litigation is not on its own an appropriate basis for that party to seek reconsideration (or certification for interlocutory appeal).

7, 12), the Court is inclined to grant (and does indeed grant) the Motion with respect to this alternative request.[8]

## III. Request for Interlocutory Certification

Plaintiff requests in the further alternative that the Court amend its Order denying the motions to dismiss to certify the Order for interlocutory appeal. (Doc. No. 193 at 13). The Court is satisfied that this request is moot in light of the Court's decision to grant the parties' alternative request for leave to file renewed motions for summary judgment (insofar as the Court's resolution of those renewed motions "may materially advance the ultimate termination of the litigation" in the same way as would the hypothetical decision from the Sixth Circuit that Plaintiff contemplates). Nevertheless, the Court will briefly address Plaintiff's arguments for this alternative request for the sake of completeness.

As noted above, 28 U.S.C. § 1292(b) provides that certifying an order for interlocutory appeal may be appropriate when "a district judge [is] . . . of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." According to Plaintiff, the controlling question of law here "is whether a district court may deny a motion for summary judgment based on the volume of the parties' submissions, without determining whether a genuine dispute of material fact exists, or even assuming that the movant has carried its burden." (Doc. No. 193 at 13). Plaintiff asserts that this "question is one of law" because "it concerns the meaning of Rule 56(a)'s directive that the court 'shall grant summary

---

[8] In its Order, the Court recognized that many of the numerous filings related to the parties' previously filed motions for summary judgment are "located at various entries across the docket, in part because [the parties] filed some of them subject to a motion to seal" but failed to comply with the proper procedures for those motions to seal. (Doc. No. 189 at 1-2 nn.1-2). Accordingly, the parties are reminded to follow the proper procedures for motions to seal if they end up needing to file any motions to seal in connection with their renewed motions for summary judgment.

judgment' when its standard is met," and that this question is "controlling, because its answer determines whether liability is resolved on the [previously filed motions for summary judgment] or at trial." (Doc. No. 193 at 13-14). Plaintiff further asserts that there is "substantial ground for difference of opinion" regarding the answer to this purported question of law. (Doc. No. 193 at 14).

Plaintiff has failed to meet its "burden of showing exceptional circumstances exist warranting an interlocutory appeal" on these grounds. *Gieringer*, 2010 WL 2572054, at *2. First, Plaintiff has not established that there is substantial ground for difference of opinion regarding its asserted question of law. At most, Plaintiff has suggested that the Sixth Circuit has yet to issue a decision regarding the effects of the 2010 amendment to the language of Rule 56(a) with respect to a district court's "discretion to deny summary judgment when there appears to be no genuine dispute as to any material fact." (Doc. No. 193 at 15 (quoting Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment)). However, Plaintiff has not established that there is substantial ground for difference of opinion (or even an open question) regarding what happens when, as here, a court "declin[es] to undertake a Rule 56 inquiry" due to what the Court determines to be the inappropriate volume of the parties' filings. (Doc. No. 193 at 14). This is because there is no such ground—indeed, it is axiomatic that courts have broad discretion to manage their dockets and may strike or deny motions or filings that are procedurally or technically improper. *See generally McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021) (Richardson, J.) (discussing Local Rule 56.01 and the importance of the parties' procedural compliance in service of the broader goal of allowing the Court to conduct "an *accurate* assessment of what truly are the issues of material fact"); *Sherrod v. VNA*, No. 5:17-CV-10164-JEL-KGA, 2022 WL 22895070, at *2 (E.D. Mich. Sept. 20, 2022) (collecting cases); *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016)

("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." (collecting cases)).

Second, even if Plaintiff had established the requisite substantial ground for difference of opinion, Plaintiff has failed to show how an immediate appeal may materially advance the ultimate termination of the litigation. Plaintiff's argument in this regard stems from the assumption that "[i]f the Sixth Circuit holds that the Court must determine whether a genuine dispute of material fact exists," the Court would "likely . . . resolve liability," presumably in Plaintiff's favor. (Doc. No. 193 at 15). However, this assumption is based on Plaintiff's overarching suggestion that it actually is entitled to summary judgment, which is a suggestion that the Court will not accept for purposes of the instant Motion, as discussed above. Regardless, even if it does turn out that Plaintiff is indeed entitled to summary judgment, such a determination may be made after the parties refile their motions for summary judgment pursuant to this order.

CONCLUSION

For the foregoing reasons, the Motion (Doc. No. 192) is **GRANTED IN PART**. Within 21 days of this order, the parties shall file renewed motions for summary judgment, supported by no more than 250 pages of exhibits per party. The Motion is **DENIED** to the extent that it requests reconsideration or interlocutory certification with respect to the Court's September 30, 2026 Order.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE